**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| In Re:<br><br>CAH ACQUISITION COMPANY 16, LLC,<br>d/b/a Haskell County Community Hospital,<br><br>Debtor. | Case No. 19-01227-5-JNC<br><br>Chapter 11 |

**DEBTOR'S APPLICATION TO EMPLOY SPILMAN THOMAS & BATTLE, PLLC AS BANKRUPTCY COUNSEL FOR THE DEBTOR**

The Debtor in this Cha pter 11 bankruptcy case hereby makes this application (the "Application") pursuant to § 327(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"), and the Local Bankruptcy Rules for the Eastern District of North Carolina (the "Local Rules"), for entry of an order substantially in the form attached hereto authorizing and approving the retention and employment of the law firm of Spilman Thomas & Battle, PLLC as bankruptcy attorneys for the Debtor in this bankruptcy case. In support of the Application, the Debtor states the following:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.  The statutory predicates for this Application are sections 327 and 328 of the Bankruptcy Code,

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.  On March 17, 2019 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina.

5.  CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital ("Haskell") owns and operates a critical access hospital in Stigler, Oklahoma (the "Hospital").

6.  As of the date of this Application, the Firm has filed in this Court a total of seven (7) Chapter 11 cases (including the Debtor's case) on behalf of related hospital entities with common ownership (collectively, the "Hospital Cases"), as follows:

   a.  CAH Acquisition Company #2, LLC (Oswego Community Hospital) - Case no. 19-01230-5-JNC - Petition date - March 17, 2019.

   b.  CAH Acquisition Company #3, LLC (Horton Community Hospital) - Case no. 19-01180-5-JNC - Petition date - March 14, 2019.

   c.  CAH Acquisition Company # 4, LLC (Drumright Regional Hospital) - Case no. 19-01228-5-JNC - Petition date - March 17, 2019.

   d.  CAH Acquisition Company 6, LLC (I-70 Community Hospital) - Case no. 19-01300-5-JNC - Petition date - March 21, 2019.

   e.  CAH Acquisition Company 7, LLC (Prague Community Hospital) - Case no. 19-01298-5-JNC - Petition date - March 21, 2019.

   f.  CAH Acquisition Company 12, LLC (Fairfax Community Hospital) - Case no. 19-01229-5-JNC - Petition date - March 17, 2019.

   g.  CAH Acquisition Company 16, LLC (Haskell County Community Hospital) - Case no. 19-01227-5-JNC - Petition date - March 17, 2019.

### Relief Requested

12. By this Application, the Debtor seeks entry of an order pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules authorizing the Debtor to retain Spilman Thomas & Battle, PLLC (the "Firm") as its bankruptcy counsel with respect to the filing and conduct of this bankruptcy case, *nunc pro tunc* to the Petition Date. As set forth below, the Firm is particularly well qualified to provide the type of representation required by the Debtor, and the Debtor believes that it would be best served by engaging the Firm as counsel.

### The Firm's Qualifications

13. The Debtor has made careful and diligent inquiry and has selected the Firm for representation in this case for the following reasons:

    a. The Firm has prepared and filed the petition and related documents initiating this Chapter 11 case;

    b. Rayford K. Adams III and other attorneys at the Firm are admitted to practice before this Court, and additional attorneys at the Firm may seek to be admitted *pro hac vice* to this Court for the purpose of representing the Debtor in this case;

    c. The Firm's attorneys have considerable experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under the Bankruptcy Code, including significant health care-related experience, and the Debtor believes they are well qualified to represent it in this case in an efficient and timely manner; and

    d. The Firm is very familiar with the Debtor's history, its business, assets, and liabilities, and with the ongoing matters in which the Debtor is involved. The

Debtor believes that the Firm is both well qualified and uniquely able to represent it in this bankruptcy case in an efficient and timely manner. It would also be an undue burden on the Debtor to have to engage new counsel to gain knowledge of the Debtor's business and financial affairs that the Firm already possesses. The employment of the Firm is appropriate and necessary to enable the Debtor to execute faithfully its duties as Debtor and debtor-in-possession.

### Services To Be Provided

14. The professional services for which the Debtor proposes to employ the Firm are necessary to enable the Debtor to execute its duties as Debtor. Subject to further order of this Court, the legal services to be rendered by the Firm may include, but shall not be limited to, the following:

   a. Advising the Debtor as to its rights, duties, and powers as debtor in this case;

   b. Advising the Debtor regarding matters of bankruptcy law;

   c. Assisting the Debtor in the preparation and filing of all necessary schedules, statement of financial affairs, reports, motions, responses, or other filings or pleadings;

   d. Representing the Debtor at all meetings, hearings, or other events that come before the Court or occur in the Debtor's case;

   e. Representing the Debtor in any matter involving contests with secured or unsecured creditors, including the claims reconciliation process;

   f. Consulting with the Debtor concerning the administration of the Debtor's case;

g.  Consulting with, and working closely with, the trustee in this case to efficiently share duties in the administration of the Debtor's Chapter 11 case, as agreed with the trustee and approved by the Court;

h.  Advising, assisting, and representing the Debtor concerning the formulation of, preparation of, and confirmation of any proposed plan, and solicitation of any acceptances or responding to objections to such plan;

i.  Advising the Debtor concerning, and assisting in the negotiation and documentation of, financing agreements, debt restructurings, cash collateral arrangements, and related transactions;

j.  Providing assistance, advice, and representation concerning any possible sale of the Debtor's assets;

k.  Reviewing the nature and validity of liens asserted against the property of the Debtor and advising the Debtor concerning the enforceability of such lien;

l.  Providing assistance, advice, and representation concerning any further investigation of the assets, liabilities, and financial condition of the Debtor that may be required under local, state, or federal law;

m.  Prosecuting or defending litigation matters and such other matters that might arise during the bankruptcy case;

n.  Providing counsel and representation with respect to assumption or rejection of executory contracts and leases, sales of assets, and other bankruptcy-related matters arising in the bankruptcy case;

o.  Representing the Debtor in all matters related to its labor contracts and negotiations with unions, if any;

5

p. Pursuing avoidable transfers and transactions of the Debtor on the Debtor's behalf, including, but not limited to, transfers and transactions arising under § 547, § 548, and § 549 of the Bankruptcy Code;

q. Rendering advice with respect to general corporate and litigation issues relating to the bankruptcy case, including, but not limited to, securities, corporate finance, tax, and commercial matters;

r. Performing such other legal services as may be necessary and appropriate for the efficient and economical administration of this bankruptcy case; and

s. Performing such other legal services set forth in the Engagement Letter executed by the Debtor, through its majority owner, Health Acquisition Company, LLC ("HAC"), and the Firm as of **March 13, 2019** (attached hereto as **Exhibit A**).

### Payment of Fees and Expenses

15. The terms of the Debtor's employment of the Firm, agreed to by the Debtor and subject to the approval of the Court, are that compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm. The following attorneys and paralegals are expected to participate in this representation at the following hourly rates currently utilized by the Firm for services of this nature, and which are subject to increase from time to time:

| Name | Title | Hourly Rate |
|---|---|---|
| Rayford K. Adams III | Member | $550.00 |
| Alexander Macia | Member | $475.00 |
| Travis Knobbe | Counsel | $425.00 |
| Eric Gadd | Member | $375.00 |
| P. Corey Bonasso | Associate | $225.00 |
| Lindsay J. Cook | Associate | $225.00 |
| Katherine A. Brewer | Paralegal | $115.00 |
| Christy S. Peterson | Paralegal | $115.00 |

The Firm will make periodic applications for interim compensation, and, at the completion of the case, the Firm will make a final application to the Court for the allowance of final compensation to the Firm. In exceptional circumstances, the Firm may request allowance of final fees in the case at a premium over the amount normally charge by the Firm.

16. In addition, other attorneys and paralegals may be involved as necessary and appropriate to represent the Debtor, at comparable or lower hourly rates. The Firm's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

17. The Firm will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. These rates are set at a level to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. In addition, it is the Firm's policy to charge its clients for all other expenses incurred in connection with the client's case, and the Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients, subject to the Local Rules.

18. The Firm was retained by the Debtor in connection with the preparation and filing of this bankruptcy case. As of the latest of the Petition Dates for the Hospital Cases, the Firm received from HAC, as majority owner of each debtor in the Hospital Cases, a retainer of $150,000.00 (which includes the filing fees for the Hospital Cases in the amount of $12,941.00), to be applied against the Firm's allowed fees and expenses in the Hospital Cases, as permitted by the Court. In the one year period prior to the latest of the Petition Dates for the Hospital Cases, the Firm received payment in the amount of $43,234.25 for services and filing expenses in contemplation of or in connection with the planning and filing of the Hospital Cases, which was paid from the retainer described below.

### The Firm's Disclosures Regarding Retention By the Debtor

19.     To the best of the Debtor's knowledge, neither the Firm nor any of its individual members have any connections with the Debtor, their creditors, any other party in interest, or their respective attorneys or accountants, except as disclosed in the Affidavit in Support of Debtor's Application to Employ Bankruptcy Attorneys (the "Affidavit") attached hereto as **Exhibit B.**

20.     Upon information and belief, neither the Firm nor any of its individual members holds or represents any interest adverse to the Debtor or its estate in the matters upon which they are to be engaged, and are each therefore a "disinterested person" within the meaning of §§ 101(14), 327(a), and 1107(b) of the Bankruptcy Code. The Firm discloses to the Court that the Firm has provided pre-petition services to the Debtor related to the filing of its bankruptcy case, but such representation does not create a conflict of interest that prevents the Firm's employment by the Debtor in the bankruptcy case.

21.     The employment of the Firm as the Debtor's attorneys in this Bankruptcy Case is in the best interests of the Debtor, its estate, and its creditors.

### Notice

22.     The Debtor has provided notice of this Application to all parties receiving notice in this case by electronic ECF noticing, to the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed by the Debtor pursuant to Bankruptcy Rule 1007(d), and to all parties known to be affected by this pleading. In light of the nature of the relief requested, the Debtor submits that no further notice is necessary.

## No Prior Request

23. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted herewith, (i) granting the Application and authorizing the Debtor to employ the law firm of Spilman Thomas & Battle, PLLC as its bankruptcy counsel pursuant to section 327(a) of the Bankruptcy Code on the terms and conditions set forth in this Application; and (ii) granting such other relief as the Court deems just and proper.

Dated: April 2, 2019                                **SPILMAN THOMAS & BATTLE, PLLC**

*/s/ Rayford K. Adams III*
Rayford K. Adams III (NC Bar No. 8622)
110 Oakwood Drive, Suite 500
Winston-Salem, NC 27103
Telephone: (336) 725-4710
Facsimile: (336) 725-4476
Email: tadams@spilmanlaw.com

*Proposed Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| In Re:<br><br>CAH ACQUISITION COMPANY 16, LLC,<br>d/b/a Haskell County Community Hospital,<br><br>Debtor. | Case No. 19-01227-5-JNC<br><br>Chapter 11 |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEBTOR'S APPLICATION TO EMPLOY SPILMAN THOMAS & BATTLE, PLLC AS BANKRUPTCY COUNSEL FOR DEBTOR** was filed electronically in accordance with the local rules and was served upon those listed in **Exhibit C** on the date set forth by first class mail or by electronic service through CM/ECF.

Dated: April 2, 3019             */s/ Rayford K. Adams III*
                                 Rayford K. Adams III (NC Bar No. 8622)
                                 SPILMAN THOMAS & BATTLE, PLLC
                                 110 Oakwood Drive, Suite 500
                                 Winston-Salem, North Carolina 27103
                                 Telephone: (336) 725-4710
                                 Facsimile: (336)725-4476
                                 Email:  tadams@spilmanlaw.com