**SO ORDERED.**

**SIGNED this 20 day of June, 2019.**

_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-01227-5-JNC |
| CAH ACQUISITION COMPANY 16, LLC, d/b/a ) | |
| HASKELL COUNTY COMMUNITY ) | Chapter 11 |
| HOSPITAL, ) | |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER GRANTING EMERGENCY MOTION OF TRUSTEE FOR (I) AN INTERIM ORDER (A) AUTHORIZING THE TRUSTEE, ON BEHALF OF THE DEBTOR, TO OBTAIN SECURED POST-PETITION FINANCING PURSUANT TO SECTION 364(c)(1) AND (2) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001, (B) GRANTING SUPER-PRIORITY ADMINISTRATIVE EXPENSE TREATMENT AND CERTAIN LIENS ON THE DEBTOR'S PROPERTY TO THE LENDER AS SECURITY FOR THE OBLIGATIONS HEREUNDER,  AND (C) SCHEDULING FINAL HEARINGS PURSUANT TO BANKRUPTCY RULE 4001, AS WELL AS (II) A FINAL ORDER AUTHORIZING THE TRUSTEE, ON BEHALF OF THE DEBTOR, TO OBTAIN <u>SECURED POST-PETITION FINANCING ON A FINAL BASIS</u>**

Upon the *Emergency Motion of Trustee For (I) an Interim Order (A) Authorizing the Trustee, on Behalf of the Debtor, to Obtain Secured Post-Petition Financing Pursuant To Section 364(c)(1) and (2) of the Bankruptcy Code and Bankruptcy Rule 4001, (B) Granting Super-priority*

1

*Administrative Expense Treatment and Certain Liens on the Debtor's Property to the Lender as Security for the Obligations Hereunder, and (C) Scheduling Final Hearings Pursuant To Bankruptcy Rule 4001, as well as (II) A Final Order Authorizing the Trustee, on Behalf of the Debtor, to Obtain Secured Post-Petition Financing on a Final Basis* (the "Motion") filed by Thomas W. Waldrep, Jr., the Trustee[1] in the above-captioned Chapter 11 case, for entry of an Order pursuant to Sections 105(a), 364(c)(1) and 364(c)(2) of the Bankruptcy Code and Rules 4001(c) and 9014 of the Bankruptcy Procedure requesting authority for the Trustee to execute, deliver, and/or obtain credit on behalf of the Debtor as set forth in the Motion and in the Promissory Note to be executed by the Trustee, on behalf of the Debtor, as borrower, with Cohesive as lender, substantially in the form attached to the Motion as Exhibit B, (b) authorizing the Trustee, on behalf of the Debtor, to obtain a post-petition Loan from Cohesive in an amount not to exceed the aggregate principal amount of $300,000.00, with an initial funding of $225,000, upon entry of this Order, (c) granting to Cohesive super-priority administrative expense treatment of its claim under the Loan and liens on some of the Debtor's property, as further described in the Motion, to secure the repayment of the Debtor's obligations under the Promissory Note, subject to a Carve Out (as defined and described herein), and (d) scheduling a hearing on final approval of the Loan and Promissory Note and approving the form and manner of notice, as well as (ii) the entry of a Final Financing Order authorizing the Trustee, on behalf of the Debtor, to obtain the aforesaid secured post-petition financing on a final basis; and having heard the statements of counsel in support of the relief requested therein at the hearing before the Court on June 20, 2019 (the "Hearing"); the Court having found and concluded that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (iii) venue is

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) notice of the Motion was sufficient under the circumstances, and (v) the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and this Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and after due deliberation and sufficient cause appearing therefor;

    **IT IS ORDERED AS FOLLOWS**:

    1.    The Motion is **GRANTED** to the extent provided herein.

    2.    The Trustee is authorized execute, deliver, and/or obtain credit on behalf of the Debtor, as set forth in the Motion and in that certain Promissory Note to be executed by the Trustee on behalf of the Debtor, as borrower, with Cohesive as lender, substantially in the form attached to the Motion as Exhibit B.

    3.    The Trustee is authorized, on behalf of the Debtor, to obtain a post-petition Loan from Cohesive in an amount not to exceed the aggregate principal amount of $300,000.00, with an initial funding of $225,000 upon entry of this Order.

    4.    The Trustee is authorized on behalf of the Debtor to execute the Promissory Note on a preliminary basis and to borrow the funds necessary to pay operating expenses for the week of June 24, 2019 in the amount of $49,425.00 and as reflected on the attached Exhibit "A" to this Order.

    5.    Cohesive is granted a security interest in (i) all of the Borrower's Accounts, as defined by N.C. Gen. Stat. § 25-9-102(a)(2), which accrue after the date the Promissory Note is executed by Borrower and (ii) all present and future products and proceeds of the Collateral. Such security interests and liens created and granted to Lender to secure the amounts due under the Promissory Note are: (a) pursuant to 11 U.S.C. § 364(c)(2), first, prior, perfected, and superior to

any security, mortgage, collateral, interest, lien, or claim to the Collateral and (b) subject to a Carve Out for payment of professional fees in the Debtor's case and subject to the Post-Petition Liens granted by and through this Court's prior Cash Collateral Orders.

6. Cohesive shall have an allowed administrative expense claim in this case in the amount of any unpaid amount under the Promissory Note with priority pursuant to 11 U.S.C. § 364(c)(1) and otherwise over all administrative expense claims and unsecured claims made against the Borrower, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in Sections 105, 326, 328, 330, 331, 503(a), 503(b), 507(a), 507(b), 546(c), and 1114 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that this Super-Priority Claim shall not have priority over, and shall be subordinate to, the Carve Out and the super priority administrative expense claims granted by and through this Court's prior Cash Collateral Orders.

7. A further hearing (which may be a final hearing) on this Motion will be held at 1:00 p.m. on July 2, 2019 the United States Bankruptcy Court in Greenville, North Carolina at which time the Court will further consider the Motion, including the borrowing request for the week of July 1, 2019 to assist in funding expenses in the amount of $232,450.00, as reflect on Exhibit "A" attached to this Order. Should any party wish to object to the entry of a Final Order approving the Debtor's borrowing request, such objection must be filed by 5:00 p.m. on July 1, 2019.

8. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(g), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Trustee is hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Exhibit "A"

| | | |
|---|---:|---:|
| Current Bank Balance | $ | 60,102.20 |
| Budgeted Operating Expenses - Week Beginning 6/24/2019 | $ | (49,425.00) |
| Budgeted Operating Expenses and Payroll - Week Beginning 7/01/2019 | $ | (232,450.00) |
| **Estimated Needs** | $ | **(221,772.80)** |

| | 6/24/2019 | 7/1/2019 |
|---|---:|---:|
| **Operating Expenses (cash basis)** | | |
| Payroll Semi-Monthly Gross | - | 156,000 |
| Payroll Taxes | - | 15,600 |
| Insurance Health - Employees | 24,000 | - |
| Insurance - Work Comp | - | - |
| Insurance General & Building & Med Malpractice | - | - |
| Utilities Gas & electric | - | - |
| Telephone, Internet, Cable | - | 600 |
| Purchased Services | 2,350 | 1,850 |
| Repairs and Maintenance | 975 | 750 |
| Supplies | 10,925 | 5,675 |
| Office Supplies | 300 | 300 |
| Postage & Delivery | 250 | 250 |
| HERC CT Lease | - | 5,800 |
| Misc Equipment Leases/Maintenance | - | - |
| Cohesive Monthly Fee - Paid by 5th | - | 40,000 |
| Contract Labor | 3,125 | 3,125 |
| Centralized Billing Office | - | - |
| Electronic Health Record | - | - |
| Lab Information System | - | - |
| Website, email accounts, encryption | - | - |
| Cost Report Preparation | 5,000 | - |
| | - | - |
| | - | - |
| Contingency | 2,500 | 2,500 |
| **Total** | **49,425** | **232,450** |

END OF DOCUMENT