UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 7, LLC | ) ) | CASE NO.: 19-01298-5-JNC Chapter 11 |
| | ) | |
| Debtor | ) | |
| IN RE: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 12, LLC | ) ) | CASE NO.: 19-01697-5-JNC Chapter 11 |
| | ) | |
| Debtor | ) | |
| IN RE: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 16, LLC | ) ) | CASE NO.: 19-01227-5-JNC Chapter 11 |
| | ) | |
| Debtor | ) | |

**LIMITED OBJECTION OF COHESIVE HEALTHCARE MANAGEMENT & CONSULTING LLC TO TRUSTEE'S PROPOSED SALES**

Cohesive Healthcare Management and Consulting, LLC ("Cohesive"), objects to the *Motion for (I) an Order (A) Establishing Bidding Procedures, (B) Approving Form and Manner of Notices, (C) Scheduling Hearing to Consider Final Approval of Sale and Treatment of Executory Contracts and an Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumptions and Assignments of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* filed on November 6, 2019[1]

---

[1] DE 341 in Case No. 19-01298, DE 330 in Case No. 19-01697, and DE 322 in Case No. 19-01227.

(collectively, the "Sale Motions"), filed by Thomas W. Waldrep, Jr., the chapter 11 trustee in these cases (the "Trustee").  In support of this Objection, Cohesive states:

## BACKGROUND

1. CAH Acquisition Company 7, LLC dba Prague Community Hospital ("Prague") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 17, 2019.  The Trustee was appointed by order on March 21, 2019.

2. CAH Acquisition Company 16, LLC dba Haskell Community Hospital ("Haskell") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 17, 2019.  The Trustee was appointed by order on March 18, 2019.

3. CAH Acquisition Company 7, LLC dba Fairfax Community Hospital ("Fairfax") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 1, 2019.  The Trustee was appointed by order on April 12, 2019.

## COHESIVE'S ROLES IN THE CASES

**Prague**

4. Prior to the commencement of the bankruptcy case, Cohesive was the state court appointed receiver of Prague.  Cohesive was appointed receiver on March 4, 2019.  After being appointed receiver, and before the commencement of the bankruptcy case, Cohesive advanced $201,735.35 of its own funds to pay employees, service providers and suppliers of Prague to keep the hospital open and operating.

5. Since the commencement of the bankruptcy case, Cohesive has continued to manage the Prague hospital.  Pursuant to an interim order entered April 29, 2019 and a final order entered May 15, 2019 (the "Prague Management Agreement Orders"), the Court granted the *Trustee's Motion for Authority to (1) Reject Certain Executory Contracts with iHealthcare Management II Company and*

*iHealthcare Software Services, Inc.; (2) Enter Into Interim Management Agreement with Cohesive Healthcare Management & Consulting LLC; and (3) Provide Cohesive Healthcare Management & Consulting LLC with an Allowed Administrative Claim in the Amount of $401,684.48 for Certain Expenses Incurred to Preserve and Maintain the Debtor Estate* and approved Cohesive's management of the Prague hospital.

6. After the commencement of the bankruptcy case, and continuing to the present, Cohesive has continued to fund, from its own funds, much of the cost of operating the Prague hospital. Although the Court approved use of cash collateral on August 24, 2019 and October 23, 2019, such cash collateral use was insufficient to fund the operations of the Prague hospital and keep its doors open. As a result, between the commencement of the bankruptcy case and April 26, 2019, when the Court entered an order[2] (the "Prague Financing Order") approving post-petition financing (also provided by Cohesive), Cohesive paid out-of-pocket (a) $271,000.00 in post-petition advances, (b) $149,000.90 in payroll and benefits to the hospital's employees, (c) $157,812.95 to Cohesive Staffing Solutions for temporary employees, (d) $38,435.95 for Cohesive RevOps, (e) $55.00 for MediRyde, and (f) $23,915.88 in other expenses. These amount are in addition to Cohesive's management fee that the Trustee was supposed to pay under the Court-approved management agreement, most of which has not been paid.

7. After the entry of the Prague Financing Order, Cohesive advanced pursuant to the terms of the Prague Financing Order an additional $888,344.86 to fund the hospital's operations.

---

[2] The order is entitled *Final Order (A) Authorizing the Trustee, on Behalf of the Debtor, to Obtain Secured Post-Petition Financing Pursuant to Section 364(c)(1) and (2) of the Bankruptcy Code and Bankruptcy Rule 4001, (B) Granting Super-Priority Administrative Expense Treatment and Certain Liens of the Debtor's Property to the Lender as Security for the Obligations Hereunder, and (C) Scheduling Final Hearings Pursuant to Bankruptcy Rule 4001, As Well As (II) A Final Order Authorizing the Trustee, on Behalf of the Debtor, to Obtain Secured Post-Petition Financing on a Final Basis,*

8. Pursuant to paragraphs 5 and 7 of the Prague Financing Order, Cohesive was granted (a) a "first, prior, perfected and superior" lien on the accounts of the hospital accruing after the date of the promissory note executed pursuant to the Prague Financing Order, and (b) a super-priority administrative expense claim under 11 U.S.C. § 364(c)(1). The lien and the administrative expense claim were made subject to a carve out for payment of certain approved professional fees.

9. In addition to cash advancements made by Cohesive, pursuant to the Management Agreement approved by the Court in the Prague Management Agreement Order, Cohesive is entitled to be paid management fees of $225,000 per month. $40,000 of that amount is due on or before the first day of each month and the balance is due upon collection by the Prague hospital from CMS and other payors. The Trustee has paid Cohesive the $40,000 portion of the management fees that is due by the first of each month, but Cohesive has not received any of the $185,000 deferred portion of the management fees. In total, through December 2019 Cohesive has earned and is entitled to be paid an additional $1,479,959.16 in management fees.

10. In total, as of December 31, 2019, Cohesive has administrative claims of $3,213,244.99, at least $888,344.86 of which is secured and entitled to super-priority under the Prague Financing Order.

**Haskell**

11. Prior to the commencement of the bankruptcy case, Cohesive was the state court appointed receiver of Haskell. Cohesive was appointed receiver on March 11, 2019. After being appointed receiver, and before the commencement of the bankruptcy case, Cohesive advanced $212,447.10 of its own funds to pay employees, service providers and suppliers of Haskell to keep the hospital open and operating.

12. Since the commencement of the Haskell bankruptcy case, Cohesive has continued to manage the hospital. Pursuant to an interim order

entered April 29, 2019 and a final order entered May 15, 2019 (the "Haskell Management Agreement Orders"), the Court granted the *Trustee's Motion for Authority to (1) Reject Certain Executory Contracts with iHealthcare Management II Company and iHealthcare Software Services, Inc.; (2) Enter Into Interim Management Agreement with Cohesive Healthcare Management & Consulting LLC; and (3) Provide Cohesive Healthcare Management & Consulting LLC with an Allowed Administrative Claim in the Amount of $495,790.14 for Certain Expenses Incurred to Preserve and Maintain the Debtor Estate* and approved Cohesive's management of the Haskell hospital.

13. After the commencement of the bankruptcy case, and continuing to the present, Cohesive has continued to fund, from its own funds, much of the cost of operating the Haskell hospital. Although the Court approved use of cash collateral on April 26, 2019 and May 15, 2019, such cash collateral use was insufficient to fund the operations of the hospital and keep its doors open. As a result, between the commencement of the bankruptcy case and July 2, 2019, when the Court entered an order[3] (the "Haskell Financing Order") approving post-petition financing (also provided by Cohesive), Cohesive paid out-of-pocket (a) $400,155.80 in post-petition advances, (b) $369,672.31 in payroll and benefits to the hospital's employees, (c) $24,157.27 to Cohesive Staffing Solutions for temporary employees, (d) $65,115.88 for Cohesive RevOps, (e) $1,589.50 for MediRyde, and (f) $54,359.17 in other expenses. These amount are in addition to Cohesive's management fee that the Trustee was supposed to pay under the Court-approved management agreement, most of which has not been paid.

---

[33] The order is entitled *Final Order (A) Authorizing the Trustee, on Behalf of the Debtor, to Obtain Secured Post-Petition Financing Pursuant to Section 364(c)(1) and (2) of the Bankruptcy Code and Bankruptcy Rule 4001, (B) Granting Super-Priority Administrative Expense Treatment and Certain Liens of the Debtor's Property to the Lender as Security for the Obligations Hereunder, and (C) Scheduling Final Hearings Pursuant to Bankruptcy Rule 4001, As Well As (II) A Final Order Authorizing the Trustee, on Behalf of the Debtor, to Obtain Secured Post-Petition Financing on a Final Basis,*

14. After the entry of the Haskell Financing Order, Cohesive advanced pursuant to the terms of the Haskell Financing Order an additional $518,015.09 to fund the hospital's operations.

15. Pursuant to paragraphs 5 and 7 of the Haskell Financing Order, Cohesive was granted (a) a "first, prior, perfected and superior" lien on the accounts of the hospital accruing after the date of the promissory note executed pursuant to the Haskell Financing Order, and (b) a super-priority administrative expense claim under 11 U.S.C. § 364(c)(1). The lien and the administrative expense claim were made subject to professional fees and liens previously granted by the court under prior cash collateral orders.

16. In addition to cash advancements made by Cohesive, pursuant to the Management Agreement approved by the Court in the Haskell Management Agreement Order, Cohesive is entitled to be paid management fees of $225,000 per month. $40,000 of that amount is due on or before the first day of each month and the balance is due upon collection by the hospital from CMS and other payors. The Trustee has failed to pay Cohesive the $40,000 portion of the management fees that is due by the first of each month for 5 of the 8 months of services, nor has Cohesive received any of the $185,000 deferred portion of the management fees. In total, through December 2019 Cohesive has earned and is entitled to be paid $1,680,000 in management fees.

17. In total, as of December 31, 2019, Cohesive has administrative claims of $3,325,512.12, at least $518,015.09 of which is secured and entitled to super-priority under the Haskell Financing Order.

**Fairfax**

18. Cohesive currently manages Fairfax's hospital pursuant to a management agreement with the Trustee. Pursuant to an interim order entered April 29, 2019 and a final order entered May 15, 2019 (the "Fairfax Management Agreement Orders"), the Court granted the *Trustee's Motion for Authority to (1)*

*Reject Certain Executory Contracts with iHealthcare Management II Company and iHealthcare Software Services, Inc.; and (2) Enter Into Interim Management Agreement with Cohesive Healthcare Management & Consulting LLC* and approved Cohesive's management of the Fairfax hospital.

19. After the taking over management of the hospital, and continuing to the present, Cohesive has financed, from its own funds, much of the cost of operating the hospital. In order to fund operations, the Trustee sought approval of post-petition financing provided by Cohesive. On May 15, 2019, the Court entered an order[4] (the "Fairfax Financing Order") granting the Trustee's motion and approving post-petition financing. Pursuant to the Fairfax Financing Order, Cohesive has loaned $1,357,954.71. Additionally, Cohesive has provided financial support for the operations of the hospital by paying out-of-pocket expenses of (a) $534,786.90 in payroll and benefits to the hospital's employees, (b) $38,936.63 to Cohesive RevOps (the hospital billing company) (c) $284,360.60 to Cohesive Staffing Solutions for temporary employees, (d) $3,586.25 for MediRyde, and (e) $29,426.84 in other expenses.

20. Pursuant to paragraphs 5 and 7 of the Fairfax Financing Order, Cohesive was granted (a) a "first, prior, perfected and superior" lien on the accounts of the hospital accruing after the date of the promissory note executed pursuant to the Fairfax Financing Order, and (b) a super-priority administrative expense claim under 11 U.S.C. § 364(c)(1). The lien and the administrative expense claim were made subject to a carve out for payment of certain approved professional fees.

21. In addition to cash advancements made by Cohesive, pursuant to the Management Agreement approved by the Court in the Fairfax Management

---

[44] The order is entitled *Final Order (A) Authorizing the Trustee, on Behalf of the Debtor, to Obtain Secured Post-Petition Financing Pursuant to Section 364(c)(1) and (2) of the Bankruptcy Code and Bankruptcy Rule 4001, (B) Granting Super-Priority Administrative Expense Treatment and Certain Liens of the Debtor's Property to the Lender as Security for the Obligations Hereunder, and (C) Scheduling Final Hearings Pursuant to Bankruptcy Rule 4001, As Well As (II) A Final Order Authorizing the Trustee, on Behalf of the Debtor, to Obtain Secured Post-Petition Financing on a Final Basis,*

Agreement Order, Cohesive is entitled to be paid management fees of $225,000 per month. $40,000 of that amount is due on or before the first day of each month and the balance is due upon collection by the hospital from CMS and other payors. Of the $40,000 portion of the management fees that is due by the first of each month, the Trustee has paid Cohesive for two out of eight months (through December 31, 2019). Cohesive has not received any of the $185,000 deferred portion of the management fees. In total, through December 2019 Cohesive has earned and is entitled to be paid an additional $1,760,000.00 in management fees.

22. In total, as of December 31, 2019, Cohesive has administrative claims of $4,012,599.83, at least $1,357,854.71 of which is secured and entitled to super-priority under the Fairfax Financing Order.

### GEMINO CLAIM

23. Paul Nusbaum and Steve White assert a secured claim against Haskell in an amount, as of the petition date, of $3,764,938.28. The claim arises from a note (the "Gemino Note") executed by the Haskell, Oswego, Horton, Prague and Fairfax in favor of Gemino prior to the petition date. The Gemino Note is secured by intangible assets of Haskell, including prepetition accounts and accounts receivable. The claim is also cross-collateralized by the assets of the other 4 affiliates.

24. Pursuant to interim orders entered by the Court on April 26, 2019 and May 15, 2019, the Court granted the Trustee authorization to use cash collateral claimed as collateral for the Gemino Note. As adequate protection, the Court granted a replacement lien in post-petition assets in the same categories as the prepetition collateral that secured the Gemino Note, but only to the extent of cash collateral used.

25. The holders of the Gemino Claim have the right to credit bid, but notably they did not.

### PROPOSED SALE OF ASSETS

26. On December 19, 2019, the Trustee conducted an auction of certain assets of Prague, Haskell and Fairfax.

27. On December 20, 2019, the Trustee filed his Notice of Successful Bids and Next-Highest Bids, reporting the following results:

**Prague Community Hospital**

- Successful Bidder: TULSA
- Successful Bid: $1,280,000.00[3]
- Next Highest Bidder: Cohesive Hospital Management and Consulting, LLC ("Cohesive")
- Next Highest Bid: $1,255,000.00[4]

**Fairfax Community Hospital**

- Successful Bidder: Rural Wellness Fairfax, Inc.
- Successful Bid: $2,100,000.00[5]
- Next Highest Bidder: Cohesive
- Next Highest Bid: $2,000,000.00[6]

**Haskell County Community Hospital**

- Successful Bidder: TULSA
- Successful Bid: $1,285,000.00[7]
- Next Highest Bidder: Cohesive
- Next Highest Bid: $200,000.00[8]

---

[2] This bid includes substantially all assets of Horton Community Hospital, except that it does not include any receivables due under any cost reports for periods prior to the Closing.

[3] As part of its Successful Bid, TULSA offered $400,000.00 in cash and also offered to let Prague Community Hospital's bankruptcy estate keep any post-petition accounts receivable ("Post-Petition A/R"), which at the time of the auction the Trustee valued at $880,000.00. As a result, the Trustee elected to treat TULSA's bid value as the sum of the cash offer and the Post-Petition A/R.

[4] Similar to TULSA, Cohesive's Next Highest Bid included a credit bid of $375,000.00 and to let Prague Community Hospital's bankruptcy estate keep any Post-Petition A/R. As a result, the Trustee elected to treat Cohesive's bid value as $1,255,000.00.

[5] The bid submitted by Rural Wellness Fairfax, Inc. includes substantially all assets of Oswego Community Hospital, including Post-Petition A/R, but not including any receivables due under any cost reports for periods prior to the Closing.

[6] Cohesive's Next Highest Bid was comprised entirely of a 100% credit bid, based on its status as a secured creditor.

[7] As part of its Successful Bid, TULSA offered $50,000.00 in cash and also offered to let the bankruptcy estate of Haskell County Community Hospital keep 95% of any Post-Petition A/R, which at the time of the Auction the Trustee valued the total Post-Petition A/R of Haskell County Community Hospital at $1,300,000.00. As a result, the Trustee elected to treat TULSA's bid value as the sum of the cash offer and 95% of Post-Petition A/R.

[8] Cohesive's Next Highest Bid was comprised entirely of a 100% credit bid, based on its status as a secured creditor. Cohesive's Next Highest Bid included Cohesive retaining 100% of the Post-Petition A/R.

## COHESIVE'S OBJECTIONS TO THE SALE MOTION

28. Section 363(f) of the Bankruptcy Code provides, "[t]he trustee may sell property under section (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f).

29. Cohesive objects to the Sale Motion to the extent its claims will not be paid in full on sale of its collateral.  See 11 U.S.C. §363(f)(5) and In re Stroud Wholesale, Inc., 47 B.R. 999 (E.D.N.C. 1985).

30. Section 363(k) provides that in a sale not in the ordinary course of business, the holder of a lien securing an allowed claim may bid at the sale and, if it is successful, may offset its claim against the purchase price of the property.  The right of the creditor to offset its claim is significant because it enables a creditor to protect against the risk that its collateral will be sold at a depressed price.  RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S.Ct. 2065, 2070 n. 2, 182 L. Ed. 2d 967, 67 C.B.C. 2d 483 (2012).

31. Cohesive objects to the extent it is not entitled to credit bid the full amount of its secured and administrative claim in each case.  Id.

32. Cohesive reserves all of its rights with respect to the Trustee's designation of Successful Bids and Next-Highest Bids or the qualification of any bid or bidders.

33. Cohesive, as a Qualified Bidder, has participated in good faith in the auction sales approved by this Court.  Cohesive objects to any sale procedures

not approved by this Court that prejudice Cohesive's right to participate in the sale process.

34. To the extent the sale of assets in each case will not result in full payment of Cohesive's secured and administrative claims in such case, or with Cohesive's consent, Cohesive objects.

35. Section 506(c) provides "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim . . . ." See 11 U.S.C. §506(c). Cohesive reserves all of its rights to seek payment of its claims under Sections 503, 506 or 507 of the Bankruptcy Code.

36. Cohesive objects to any sale or disposition of any receivables due these Debtors, including receivables due under any post-petition cost reports of these Debtors' free and clear of Cohesive's lien.

37. CHMC reserves the right to amend and/or supplement this Objection and raise and assert additional objections at the hearing on this matter.

WHEREFORE, CHMC respectfully prays unto the Court as follows:

1. That the Trustee's Motion be denied unless Cohesive's Objections are fully resolved;

2. That a hearing be set on the Sale Motion and this Objection, if not first resolved; and

3. For such other and further relief as to the Court may seem just and proper.

This the 6th day of January, 2020.

/s/*Paul A. Fanning*
Paul A. Fanning
N.C. State Bar I.D. No.:  025477
email:  paf@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 8088
Greenville, NC  27835-8088
Telephone:  252.215.4000
Facsimile:  252.215.4077

And

Ross Plourde, OBA # 7193
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
ross.plourde@mcafeetaft.com
russell.lissuzzo@mcafeetaft.com

Attorneys for Cohesive Healthcare Management and Consulting, LLC

CERTIFICATE OF SERVICE

    I certify that the foregoing LIMITED OBJECTION OF COHESIVE HEALTHCARE MANAGEMENT & CONSULTING LLC TO TRUSTEE'S PROPOSED SALES was filed electronically in accordance with the local rules and was served electronically on those entities that have properly registered for such electronic service. Entities not registered for electronic service will be served by depositing a copy thereof in the United States mail, postage pre-paid on January 3, 2020:

| | |
|---|---|
| CAH Acquisition Company 7, LLC<br>dba Prague Community Hospital<br>Post Office Box 953446<br>St. Louis, MO  63195<br>*Debtor* | Rayford K. Adams III, Esq.<br>Spilman Thomas & Battle, PLLC<br>110 Oakwood Dr., Suite 500<br>Winston-Salem, NC  27103<br>*Attorneys for Debtor*<br>*CAH Acquisition Company 7, LLC*<br>*dba Prague Community Hospital*<br>*Via CM/ECF* |
| CAH Acquisition Company 12, LLC<br>dba Fairfax Community Hospital<br>Post Office Box 955745<br>St. Louis, MO  63195<br>*Debtor* | Rayford K. Adams III, Esq.<br>Spilman Thomas & Battle, PLLC<br>110 Oakwood Dr., Suite 500<br>Winston-Salem, NC  27103<br>*Attorneys for Debtor*<br>*CAH Acquisition Company 12, LLC*<br>*dba Fairfax Community Hospital*<br>*Via CM/ECF* |
| CAH Acquisition Company 16, LLC<br>dba Haskell County Community Hospital<br>Post Office Box 955745<br>St. Louis, MO  63195<br>*Debtor* | Rayford K. Adams III, Esq.<br>Spilman Thomas & Battle, PLLC<br>110 Oakwood Dr., Suite 500<br>Winston-Salem, NC  27103<br>*Attorneys for Debtor*<br>*CAH Acquisition Company 16, LLC*<br>*dba Haskell County Community*<br>*Via CM/ECF* |

Thomas W. Waldrep Jr., Esq.
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
*Chapter 11 Trustee*
*Via CM/ECF*

Jason L. Hendren, Esq.
Rebecca F. Redwine, Esq.
Benjamin E. F. B. Waller, Esq.
Hendren, Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
*Attorneys for Trustee*
*Thomas W. Waldrep, Jr.*
*Via CM/ECF*

Sam G. Bratton II, Esq.
J. Patrick Mensching, Esq.
Doerner Saunders Daniel & Anderson
Two West Second Street
Suite 700
Tulsa, OK 74103-3117
*Attorneys for Debtor*
*CAH Acquisition Company 12, LLC*
*dba Fairfax Community Hospital*
*Via CM/ECF*

James C. Lanik, Esq.
Jennifer B. Lyday, Esq.
Thomas W. Waldrep, Jr.
Waldrep LLP
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
*Attorneys for Trustee Thomas W.*
*Waldrep, Jr.*
*Via CM/ECF*

Marjorie K. Lynch, Esq.
Kirstin E. Gardner
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
*Bankruptcy Administrator*

14

This the 6th day of January, 2020.

/s/*Paul A. Fanning*
Paul A. Fanning
N.C. State Bar I.D. No.: 025477
email: paf@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 8088
Greenville, NC 27835-8088
Telephone: 252.215.4000
Facsimile: 252.215.4077
Attorneys for Cohesive Healthcare Management
and Consulting, LLC

ND: 4824-7172-0624, v. 1