**SO ORDERED.**

**SIGNED this 16 day of January, 2020.**

_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:

CAH ACQUISITION COMPANY 16, LLC
d/b/a HASKELL COUNTY COMMUNITY HOSPITAL

CASE NO.
19-01227-5-JNC
CHAPTER 11

DEBTOR

## ORDER

An order establishing bidding procedures was entered on November 27, 2019, D.E. 348, establishing the procedures for the public auction of the assets of the chapter 11 debtor, CAH Acquisition Company 16, LLC (the "Bidding Procedures Order"). Pursuant to that order, the chapter 11 trustee (the "Trustee") conducted an action on December 19, 2019. Thereafter, the Trustee submitted a Notice of Successful Bids and Next-Highest Bids, D.E. 383, setting forth the high bid for the tangible assets of the debtor submitted by Transcendental Union with Love and Spiritual Advancement ("TULSA") in the amount of $1,285,000, consisting of $50,000 cash plus the value of the estate retaining 95% of the debtor's accounts receivable. The next highest bidder was Cohesive Hospital Management and Consulting, LLC, in the amount of $200,000 consisting entirely of a credit bid.

A hearing was conducted for the court to approve the auction sale in Raleigh, North Carolina on January 16, 2020. At the hearing, the Trustee advised that a subsequent bid had been received for the debtor's assets from a new bidding party, Haskell Regional Hospital, Inc. ("HRH"), in the amount of $200,000 cash plus retention by the estate of 100% of the accounts receivable. Thus, the cash aspect of the bid exceeded the TULSA bid by a factor of four. The Bidding Procedures Order set forth the requirements for a bidder to become a Qualified Bidder, including deadlines to submit certain information to the Trustee and to submit bids. The HRH bid was received by the Trustee after the deadline. He confirmed that other than the timing of the bid, HRH meets all other requirements of a Qualified Bidder as that term is defined and used in the Bidding Procedures Order.

The Bidding Procedures Order provides that, "[u]nless the Court orders otherwise upon application by the Trustee, the Trustee shall not consider any Bids or Subsequent Bids submitted after the conclusion of the Auction and any and all such Bids and Subsequent Bids shall be deemed untimely and shall not constitute Qualified Bids." D.E. 253 at 8. At the hearing, the Trustee orally applied for the court to allow him to consider the HRH bid submitted after the conclusion of the action, and that he be allowed to accept the late bid of HRH as the new highest bid.

For the reasons stated in the record and as set forth in this Order, the court finds that it is in the best interest of the estate and all parties in interest to accept the HRH bid as it advances the goals of the Bankruptcy Code to maximize the value received for a debtor's assets. Accordingly, the court ALLOWS the Trustee's oral application to consider the bid submitted in this case by HRH after the conclusion of the auction; provided, however, TULSA and any other Qualified Bidder are entitled an opportunity to submit additional bids. The Trustee asked for authority to hold a further auction by telephone on January 27, 2020. His request is allowed. Accordingly, it is ordered that additional bidding commence for the assets of the debtor. The Trustee is directed to file a notice of reopened bidding on January 17, 2020, with the reopened bid procedures and bid increment as recited and to the extent agreed to by the parties on the record at the sale hearing.

**END OF DOCUMENT**