**SO ORDERED.**

**SIGNED this 3 day of April, 2020.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 19-01230-5-JNC** |
| CAH ACQUISITION COMPANY #2, LLC, d/b/a | ) | |
| OSWEGO COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | **Case No. 19-01180-5-JNC** |
| CAH ACQUISITION COMPANY #3, LLC, d/b/a | ) | |
| HORTON COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | **Case No. 19-01298-5-JNC** |
| CAH ACQUISITION COMPANY 7, LLC, d/b/a | ) | |
| PRAGUE COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | **Case No. 19-01697-5-JNC** |
| CAH ACQUISITION COMPANY 12, LLC, d/b/a | ) | |
| FAIRFAX COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |
| | ) | |

1

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-01227-5-JNC |
| CAH ACQUISITION COMPANY 16, LLC, d/b/a ) | |
| HASKELL COUNTY COMMUNITY ) | Chapter 11 |
| HOSPITAL, ) | |
| ) | **(Jointly Administered)** |
| Debtor. ) | |
| _____ ) | |

**CONSENT ORDER MODIFYING MEDIATION PROVISIONS OF ORDERS (A) APPROVING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) <u>GRANTING RELATED RELIEF</u>**

This matter came before the Court upon the joint request of Thomas W. Waldrep, Jr., the trustee (the "<u>Trustee</u>") for the above-captioned debtors (individually, a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>"); Paul Nusbaum; Steve White; Cohesive Healthcare Management and Consulting, LLC ("<u>Cohesive</u>"); and Complete Business Solutions Group, Inc. ("<u>CBSG</u>," and together with the Trustee, Paul Nusbaum, Steve White, and Cohesive, the "<u>Mediation Parties</u>") to modify the Mediation Provisions, as defined below, of the Sale Order[1] entered in each Debtor's case. In support of this Consent Order, the Mediation Parties respectfully state the following:

1. Each of the Sale Orders contain substantively identical provisions regarding mediation between the Mediation Parties, save and except that Cohesive is not included as one of the Mediation Parties in the cases of CAH Acquisition Company #2, LLC d/b/a Oswego Community Hospital or CAH Acquisition Company #3, LLC d/b/a Horton Community Hospital. Specifically, each Sale Order contains the below language:

---

[1] An *Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (each, a "<u>Sale Order</u>," and together, the "<u>Sale Orders</u>") was entered in each Debtor's case: CAH Acquisition Company #2, LLC, Case No. 19-01230, Docket No. 324 entered February 18, 2020; CAH Acquisition Company #3, LLC, Case No. 19-01180, Docket No. 371 entered January 31, 2020; CAH Acquisition Company 7, LLC, Case No. 19-01298, Docket No. 450 entered February 4, 2020; CAH Acquisition Company 12, LLC, Case No. 19-01697, Docket No. 447 entered February 14, 2020; and CAH Acquisition Company 16, LLC, Case No. 19-01227, Docket No. 430 entered February 18, 2020. Each sale contemplated pursuant to the Sale Orders shall be referred to herein as the "Sale."

2

> The [Mediation Parties] shall participate in a mediated settlement conference pursuant to E.D.N.C. LBR 9019-2, for the purpose of attempting to negotiate and resolve the disposition of the Collateral Trust Funds. The mediator shall be selected pursuant to E.D.N.C. LBR 9019-2(2), and the cost of the mediator shall be divided equally among the parties pursuant to E.D.N.C. LBR 9019-2(4)(d). All persons required by Rule 9019-2(4)(a) to attend the conference shall be physically present unless such physical presence is excused pursuant to an agreement between the parties and the mediator, or by order of the Court. The mediator and the parties shall schedule the date, time, and location of the conference, and shall conduct such mediation within 60 days after the closing of the Sale. All individuals and entities attending the settlement conference shall hold all statements made and conduct occurring at the conference confidential except as necessary to obtain approval of any settlement reached and as provided in E.D.N.C. LBR 9019-2(7).

The forgoing language constitutes the "Mediation Provisions" of each Sale Order. Capitalized terms in the Mediation Provisions, and used herein, shall have the meaning ascribed to them in the Sale Orders.

2. Pursuant to the above Mediation Provisions, the Mediation Parties had selected a mediator and agreed upon April 1 and the morning of April 2, 2020, as the dates of an in-person mediated settlement conference. Compliance with the above Mediation Provisions, however, has been substantially complicated by the ongoing national and various state declarations of emergency arising from the COVID-19 pandemic.

3. Apropos of this unforeseen change in circumstances, the Mediation Parties hereby submit this Consent Order modifying the Mediation Provisions of the Sale Orders such that (i) the mediated settlement conference be held within thirty (30) days after the closing of the last Sale to occur; and (ii) the mediated settlement conference be conducted by telephone or by internet video conferencing platform as agreed to by the Mediation Parties.

**NOW, THEREFORE**, based upon the foregoing, the Court concludes that the above-stated revisions to the Mediation Provisions are appropriate, and for other good and sufficient reasons appearing it is hereby **ORDERED** as follows:

A. The mediated settlement conference referenced in the Sale Orders shall be held within thirty (30) days after the closing of the last Sale to occur.

B. The mediated settlement conference referenced in the Sale Order shall be conducted by telephone or by internet video conferencing platform as agreed to by the Mediation Parties.

C. The rights of all the Mediation Parties are hereby reserved and shall not be prejudiced in any way by the entry of this Consent Order.

**AGREED TO BY**:

**WALDREP LLP**

/s/ *James C. Lanik*
Thomas W. Waldrep, Jr. (NC Bar No. 11135)
James C. Lanik (NC Bar No. 30454)
Jennifer B. Lyday (NC Bar No. 39871)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

*Co-Counsel for the Trustee*

**WARD AND SMITH, P.A.**

/s/ *Paul A. Fanning*
Paul A. Fanning (NC Bar No. 25477)
P.O. Box 8088
Greenville, NC 27835-8088
Telephone: 252-215-4000
Telefax: 215-4077
Email: paf@wardandsmith.com

*Counsel for Cohesive*

**NORTHEN BLUE, LLP**

/s/ *John Paul H. Cournoyer*
John Paul H. Cournoyer (NC Bar No. 42224)
PO Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441
Telefax: 919-942-6603
Email: jpc@nbfirm.com

*Counsel for Nusbaum/White*

**HUTCHENS LAW FIRM LLP**

/s/ *William Walt Pettit*
William Walt Pettit (NC Bar No. 9407)
PO Box 12497
Charlotte, NC 28220
Telephone: 704-357-6262
Telefax: 704-357-6233
Email: walt.pettit@hutchenslawfirm.com

*Counsel for CBSG*

[**END OF DOCUMENT**]