**SO ORDERED.**

**SIGNED this 22 day of April, 2020.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL** | Case No. 19-01227-5-JNC<br><br>Chapter 11 |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL** | Case No. 19-01298-5-JNC<br><br>Chapter 11 |
| **CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL,**<br><br>Debtors. | Case No. 19-00730-5-JNC<br><br>Chapter 11 |

### ORDER EXTENDING THE DEADLINE TO FILE REPORTS AND TERMINATING AND DISCHARGING THE OMBUDSMAN UPON A SALE CLOSING

THIS MATTER came before the Court upon the *Patient Care Ombudsman's Motion for Entry of Order (A) Extending the Deadline to File Reports and (B) Terminating and Discharging the Patient Care Ombudsman Upon A Sale Closing* (the "**Motion**"); capitalized terms used herein and not otherwise defined shall have those meanings set forth in the Motion; due and adequate notice of the Motion having been given and it appearing that no other or further notice need be given; and this Court having determined that based upon the representations in the Motion; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED** as set forth herein.

2. The Court extends the deadline for the Ombudsman to file reports in the Cases by sixty days to and including **June 15, 2020**; *provided that* if the sale of a Hospital closes prior to such date in a particular Case, the Ombudsman shall have no obligation to file any further reports in such Case.

3. The Ombudsman shall be terminated and discharged from her duties as patient care ombudsman in any one or more of the Cases as of the date of closing the sale of the Hospital at issue in such Case(s).

4. Upon such termination and discharge, neither the Ombudsman nor her professionals shall have any liability with respect to any act or omission, statement or representation arising out of, relating to, or involving in anyway, the Cases, the Ombudsman's evaluation, the reports or any pleadings or other writings filed by the Ombudsman in connection with the Cases other than acts or omissions involving or arising out of gross negligence, willful misconduct or a violation of applicable disciplinary or ethical rules.

5. Prior to issuing or serving upon the Ombudsman or her professionals any formal or informal discovery request, including, but not limited to, any subpoena, request for production of documents, requests for admissions, interrogatories, subpoenas duces tecum, requests for testimony or any other discovery of any kind whatsoever in any way related to the Hospitals, the Cases, the Ombudsman's evaluation or her reports (the "**Discovery**"), any creditor or party-in interest in these Cases must first file an appropriate pleading with this Court to request permission to initiate the Discovery.

6. Upon termination and discharge, the Ombudsman and her professionals are authorized to retain, dispose of or destroy any documents provided by the Hospitals and various third parties to the Ombudsman, if any, in the course of her evaluation, in accordance with their respective document retention policies or applicable law, if any.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

[END OF DOCUMENT]