**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 19-01227-5-JNC** |
| **CAH ACQUISITION COMPANY 16,** | ) | |
| **LLC, d/b/a HASKELL COUNTY** | ) | |
| **COMMUNITY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR ENTRY OF ORDER (I) FIXING BAR DATE FOR FILING CERTAIN
ADMINISTRATIVE EXPENSE CLAIMS, (II) APPROVING ADMINISTRATIVE
EXPENSE PROOF OF CLAIM FORMS, AND (III) APPROVING THE FORM AND
MANNER OF NOTICE OF ADMINISTRATIVE EXPENSE CLAIMS BAR DATE**

NOW COMES Thomas W. Waldrep, Jr., Chapter 11 Trustee (the "Trustee") for the debtor

in the above-captioned case (the "Debtor"), by and through the undersigned counsel, and hereby

files this motion (the "Motion") for entry of an order (the "Administrative Expense Claims Bar

Date Order"), pursuant to Sections 105(a), 503(b), and 507(a)(2) of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"): (i) establishing **June 30, 2020** (the "Administrative Expense Claims

Bar Date") as the bar date for filing requests for the allowance of administrative expense claims

against the Debtor under Sections 503(b)(1) through (9) and 507(a)(2) of the Bankruptcy Code,

other than administrative expense claims that are Excluded Claims (as defined herein);[1] (ii)

approving the Administrative Expense Proof of Claim Forms (as defined below); and (iii)

approving the form and manner of notice of the Administrative Expense Claims Bar Date, pursuant

---

[1] The Trustee may file a request to establish a supplemental bar date for any Excluded Claims.

to Bankruptcy Rule 2002(a)(1).  In support of this Motion, the Trustee respectfully states as follows:

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Sections 105(a), 503(b), and 507(a)(2) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3).

**Background**

1.      On March 17, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code before this Court.

2.      On March 18, 2019, the Court entered an Order approving the appointment of the Trustee [Dkt. No. 4].  The Trustee is the duly appointed, qualified, and acting trustee of the Debtor's estate.

4.      In accordance with the *Order (A) Establishing Bid Procedures, (B) Approving Stalking Horse Bidder, (C) Approving Form and Manner of Notices, (D) Scheduling Hearing to Consider Final Approval of Sale and Treatment of Executory Contracts and Unexpired Leases, and (E) Granting Related Relief*, entered on November 27, 2019 [Dkt. No. 348], the Trustee auctioned substantially all of the Debtor's assets at a public auction on December 19, 2020 in Charlotte, North Carolina (the "Auction").

5.      On February 18, 2020, the Court entered the *Order (A) Approving the Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Dkt No. 430], which approved the sale of substantially all the Debtor's assets to Haskell

Regional Hospital, Inc. ("HRH") at the Auction.  The sale to HRH closed on May 15, 2020 (the "Closing Date").

### Relief Requested

6.    By this Motion, the Trustee respectfully requests that the Court enter the Administrative Expense Claims Bar Date Order, substantially in the form attached hereto as **Exhibit A**: (i) establishing **June 30, 2020 at 4:00 p.m. (prevailing Eastern Time)** as the Administrative Expense Claims Bar Date, *i.e.*, the last day by which creditors may assert Administrative Expense Claims (defined below) in accordance with the procedures and using the forms approved by the Court or be forever barred form, among other things, asserting or being paid on account of such claims from any assets of the Debtor's estate, (ii) approving the use of an administrative expense proof of claim substantially in the forms attached to the proposed Administrative Expense Claims Bar Date Order as **Exhibit 1-A and Exhibit 1-B** (the "Administrative Expense Proof of Claim Forms"), and (iii) approving the form of the notice of the Administrative Expense Claims Bar Date attached to the proposed Administrative Expense Claims Bar Date Order as **Exhibit 2** (the "Administrative Expense Claims Bar Date Notice") and the manner of notice of the Administrative Expense Claims Bar Date Notice.

7.    The Trustee requests that the Administrative Expense Claims Bar Date apply to all persons or entities that may have a claim, as that term is defined in Section 101(5) of the Bankruptcy Code, against the Debtor or the Debtor's estate pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code that was incurred, accrued, or arose during either (a) the period from and after the Petition Date through and including the Closing Date (this period collectively, the "Post-petition Period"), including, but not limited to, (i) the actual, necessary costs and expenses, of preserving the Debtor's estate and operating the business of the Debtor, including

wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case and (ii) claims or causes of action arising after the Petition Date, including alleged personal injuries, whether or not such claim is reduced to judgment, liquidated, unliquidated, fixed, contingent, insured or uninsured, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or (b) the period from and including 20 days before the Petition Date and entitled to an administrative expense priority under Section 503(b)(9) of the Bankruptcy Code (each an "Administrative Expense Claim" and collectively, "Administrative Expense Claims").

8.      Specifically, with respect to claims against the Debtor pursuant to Section 503(b)(9) of the Bankruptcy Code (the "Section 503(b)(9) Claims"), the Trustee requests the claimants be required to submit a proof of claim substantially in the form attached to the proposed Administrative Expense Claims Bar Date Order as **Exhibit 1-A** that sets forth with specificity:

    a.    the amount of the claim;

    b.    the type(s) of goods received by debtor within twenty (20) days before the Petition Date;

    c.    the shipment date of goods;

    d.    the place of delivery of goods;

    e.    the method of delivery of goods;

    f.    the name of carrier of goods;

    g.    the alleged value of goods;

    h.    whether the value of goods listed in this claim relates to services and goods;

    i.    the percentage of value related to services and the percentage of value related to goods; and

    j.    whether claimant has filed any other claim against Debtor relating to goods underlying its Section 503(b)(9) claim.

9.      The Trustee further requests that all proof of Section 503(b)(9) Claims be required to be accompanied by (i) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (ii) any demand to reclaim the goods under Section 546(c); and (iii) documents demonstrating the date the goods were actually received by the Debtor.

Finally, any claimant asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

10.      The Trustee proposes to exclude from the relief requested in this Motion any Administrative Expense Claims of professionals retained pursuant to orders of this Court who may seek fees and expenses for their services pursuant to Sections 330 and 331 of the Bankruptcy Code, and fees payable to the United States Bankruptcy Administrator pursuant to 28 U.S.C. § 1930.

11.      Moreover, the Trustee proposes that the following entities, whose claims would otherwise be subject to the Administrative Expense Claims Bar Date, need <u>not</u> file an Administrative Expense Proof of Claim (collectively, the "<u>Excluded Claims</u>"):

(a)      Any entity that has already properly filed a motion requesting allowance of an administrative expense claim pursuant to Section 503(b) related to the Post-petition Period or on account of a claim arising under Section 503(b)(9) of the Bankruptcy Code;

(b)      Any entity that has already filed a proof of claim asserting an Administrative Expense Claim or a Section 503(b)(9) Claim;

(c)      A holder of an Administrative Expense Claim related to or incurred during the Post-petition Period or a Section 503(b)(9) Claim that previously has been allowed by order of the Court;

(d)      Any Administrative Expense Claims of members of the Committee for expenses pursuant to Section 503(b)(3)(F) of the Bankruptcy Code; and

(e)      A holder of an Administrative Expense Claim that has been paid in full by the Trustee or HRH pursuant to the Bankruptcy Code or in accordance with an Order of the Court.

A.      <u>Administrative Expense Claims Bar Date Procedures</u>

12.      The proposed Administrative Expense Claims Bar Date Order provides, among other things, that for an Administrative Expense Claim to be properly and validly filed, an original of the completed Administrative Expense Proof of Claim Form, signed by the claimant or an authorized agent of the claimant, accompanied by any supporting documentation required by Bankruptcy Rules 3001(c) and (d), must be actually received on or before the Administrative

Expense Claims Bar Date by the Office of the Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina (the "Clerk's Office") by the mailing of such form and documentation to Bankruptcy Clerk's Office, P.O. Box 791, Raleigh, NC 27602.  Copies of the Administrative Expense Proof of Claim Forms will be attached to the Notice the Administrative Expense Claims Bar Date; any party in interest seeking additional or replacement forms must email such request to the counsel for the Trustee at Jennifer B. Lyday, jlyday@waldrepllp.com, James C. Lanik, jlanik@waldrepllp.com, or John R. Van Swearingen, jvanswearingen@waldrepllp.com.

13.     The Trustee shall not be required to accept Administrative Expense Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission.  Administrative Expense Proofs of Claim must be in the English language and denominated in lawful United States currency.  Any person or entity that files an Administrative Expense Proof of Claim Form and wishes to receive a file-stamped copy by return mail must include an additional copy of the Administrative Expense Proof of Claim Form with a self-addressed envelope, postage prepaid.

**B.**     **Effect of Failure to File Administrative Expense Proof of Claim**

14.     The proposed Administrative Expense Claims Bar Date Order also provides that any entity that fails to file an Administrative Expense Proofs of Claim Form on account of an Administrative Expense Claim on or before the Administrative Expense Claims Bar Date in accordance with the Administrative Expense Claims Bar Date Order shall be forever barred, estopped, and enjoined from asserting an Administrative Expense Claim against the Debtor, its estate, its successor, or its property (and from filing a proof of claim with respect thereto) and any holder of such Administrative Expense Claim (i) shall not be entitled to any payment on account of such alleged Administrative Expense Claim, (ii) shall not be permitted to participate in any distribution in this Chapter 11 Case or, in the event that this case is converted, in any case under Chapter 7, on account of such Administrative Expense Claim; and (iii) shall not be entitled to

receive further notices regarding such Administrative Expense Claim.  Furthermore, the proposed Administrative Expense Claims Bar Date Order also provides that all such Administrative Expense Claims shall be disallowed and expunged in their entirety.

### Basis for Relief Requested

15.     The Trustee has sold substantially all of the Debtor's operating assets and is in the process of, among other things, preparing litigation of Chapter 5 causes of action on behalf of the Debtor's estate, and analyzing claims and financial records to determine claim objections and the ability to assert the estate's rights under Section 506(c) of the Bankruptcy Code.

16.     In order to wind up this case and maximize recovery to creditors, the Trustee and other parties need to understand, *inter alia*, the likely amount of administrative expense claims. Among other things, the Trustee needs to assert rights under Section 506(c) of the Bankruptcy Code to recover expenses for preserving and disposing of its assets.  The Trustee submits that the establishment of the Administrative Expense Claims Bar Date is a necessary step in that process.

17.     Establishing the Administrative Expense Claims Bar Date will also allow the Trustee and other interested parties to evaluate more fully the Debtor's financial circumstances, which will facilitate a more open and transparent case administration, plan confirmation, and claims resolution process.  It is therefore imperative that the Trustee understand and clarify these potential debts and obligations as soon as possible.

18.     Bankruptcy Rule 3003(c)(3) provides, in pertinent part, that "the court shall fix and for cause shown may extend the time within which proofs or claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).  Bankruptcy Rule 2002(a)(7) provides for twenty-one days' notice of a court fixed bar date for filing proofs of claim in a Chapter 11 case.  The proposed Administrative Expense Claims Bar Date is more than twenty-one days from service as contemplated below and thus will comply with Bankruptcy Rule 2002(a)(7).

**C.    The Court Should Approve the Trustee's Proposed Administrative Expense Proof of Claim Forms**

19.    Section 503 of the Bankruptcy Code provides that any party can "timely file a request for payment of an administrative expense" and that such claim may be allowed after notice and a hearing.  11 U.S.C. § 503(a) and (b).  In lieu of this requirement, the Trustee requests that holders of Administrative Expense Claims be required to assert such claims by submitting an Administrative Expense Proof of Claim Form and that the timely submission of an Administrative Expense Proof of Claim Form be deemed to comply with all Bankruptcy Code requirements for filing requests for payment of such administrative expenses.

20.    The Trustee requests that timely submission of an Administrative Expense Proof of Claim Form, in substantially the form attached as **Exhibit 1-A** to the proposed Administrative Expense Claims Bar Date Order if related to a Section 503(b)(9) Claim or **Exhibit 1-B** to the proposed Administrative Expense Claims Bar Date Order if related to any other Administrative Expense Claim, be deemed to comply with all Bankruptcy Code requirements for the filing of requests for payment of Administrative Expense Claims, such that claimants that allege to have an Administrative Expense Claim do not have to file separate motions seeking allowance and payment of any Administrative Expense Claims that such entities may hold against the Debtor.[2]

21.    The Trustee proposes to provide a copy of the Administrative Expense Proof of Claim Forms to each person or entity who receives a copy of the Administrative Expense Claims Bar Date Notice.

22.    The Trustee submits that the Court may approve the Administrative Expense Proof of Claim Forms pursuant to Section 105 of the Bankruptcy Code, which permits the Court to "issue

---

[2]The Trustee reserves the right to object to any proof of Administrative Expense Claim and, upon such objection, seek a hearing with respect to the disallowance of the claim.

any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." The Trustee further submits that requiring holders of Administrative Expense Claims to assert such claims by filing an Administrative Expense Proof of Claim Form, rather than by filing formal applications seeking allowance of their Administrative Expense Claims, is fair, equitable, and will promote judicial economy, and, therefore, should be approved in this case. Without implementation of the procedures set forth herein, the Debtor's estate may be subject to numerous applications and contested proceedings, which would result in the unnecessary expenditure of time, effort, and money by the Trustee and his professionals.

D.     **The Court Should Approve the Trustee's Proposed Procedures for Providing Notice of the Administrative Expense Claims Bar Date**

23.     Sections 105 and 502 of the Bankruptcy Code, together with Bankruptcy Rule 9007, permit the Court to approve the form, manner, and sufficiency of notice of the Administrative Expense Claims Bar Date and the procedure for filing Administrative Expense Claims. The Trustee proposes, therefore, that the Court approve the procedures detailed below.

24.     The proposed Administrative Expense Claims Bar Date Notice, in substantially the form attached as **Exhibit 2** to the proposed Administrative Expense Claims Bar Date Order, notifies potential claimants of the Administrative Expense Claim Bar Date and contains information regarding who must file an Administrative Expense Proof of Claim Form and the consequences of the failure to file such claims or provide the supporting information. The Trustee, therefore, further requests that the Court approve the Administrative Expense Claims Bar Date Notice.

25.     The Trustee proposes to serve the Administrative Expense Claims Bar Date Notice and the Administrative Expense Proof of Claim Forms by first class United States mail, postage

prepaid, on or before three (3) business days after entry of the Administrative Expense Claims Bar

Date Order to:

<ol type="A">
<li>The Office of the United States Bankruptcy Administrator;</li>

<li>Counsel to the United States Department of Health and Human Services ("<u>DHHS</u>");</li>

<li>The Internal Revenue Service ("<u>IRS</u>") and counsel thereto;</li>

<li>The Oklahoma Tax Commission ("<u>OTC</u>");</li>

<li>All known holders of claims and their counsel (if known) listed on the Debtor's schedules (as amended, the "<u>Schedules</u>");</li>

<li>All parties known to the Debtor as having potential administrative expense claims against the Debtor's estate as of the Administrative Expense Claims Bar Date and their counsel (if known);</li>

<li>All counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein and counsel thereto (if known);</li>

<li>All parties to litigation with the Debtor (as of the date of the entry of the Administrative Expense Claims Bar Date Order) and their counsel (if known);</li>

<li>All parties who have requested notice pursuant to Bankruptcy Rule 2002;</li>

<li>All persons or entities that have previously filed proofs of claim in this case as of the date of the Administrative Expense Claims Bar Date Order;</li>

<li>All other taxing authorities for the jurisdictions in which the Debtor maintains or conducts business; and</li>

<li>To the extent not already included in the above, all parties set forth on the creditor matrix maintained on the Court's CM/ECF system as of the date of the entry of the Administrative Expense Claims Bar Date Order (the "<u>Matrix</u>").</li>
</ol>

26.    The Trustee will send the Administrative Expense Claims Bar Date Notice and

Administrative Expense Proof of Claim Forms to (i) the address reflected in the applicable party's

most recent request for notice pursuant to Bankruptcy Rule 2002 or, if no such request for notice

has been filed, in the most recent proof of claim filed by the applicable party, in each case as of

the date that is ten days before the date of entry of the Administrative Expense Claims Bar Date Order, or (ii) if no such request for notice or proof of claim has been filed by such creditor, such creditor's address as reflected in the Matrix or, if different, in the Schedules or, if such creditor is not listed in either the Matrix or the Schedules, the last known address of such party as reflected in the Debtor's books and records.

27.     The Trustee submits that service of the Administrative Expense Claims Bar Date Notice and the Administrative Expense Proof of Claim Forms in the manner proposed herein will provide good, sufficient, and due notice of the Administrative Expense Claims Bar Date and the filing requirements stated in the Administrative Expense Claims Bar Date Order to all potential holders of Administrative Expense Claims.

## Notice

28.     The Trustee will provide notice of this Motion to (a) all counsel and parties having registered for electronic service via CM/ECF or by mail, (b) all parties set forth on the Matrix, and (b) any additional party in interest, entity, or counsel as indicated in the foregoing Paragraph 25(A)–(L).

## No Prior Request

29.     No prior application for the relief sought herein has been made by the Trustee to this or any other Court.

WHEREFORE, the Trustee respectfully requests entry of an Order, substantially in the form attached hereto as **Exhibit A:** (i) establishing the Administrative Expense Claims Bar Date as June 30, 2020 at 4:00 p.m. (prevailing Eastern Time); (ii) approving the Administrative Expense Proof of Claim Forms; (iii) approving the form and manner of the Administrative Expense Claims Bar Date Notice; and (iv) granting the Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 22nd day of May, 2020.

**WALDREP LLP**

/s/ *Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

**- and –**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
　　　　rredwine@hendrenmalone.com

*Attorneys for the Trustee*

**EXHIBIT A**

**PROPOSED FORM OF ADMINISTRATIVE EXPENSE CLAIMS BAR DATE ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| **IN RE:** ) | |
| ) | **Case No. 19-01227-5-JNC** |
| **CAH ACQUISITION COMPANY 16,** ) | |
| **LLC, d/b/a HASKELL COUNTY** ) | |
| **COMMUNITY HOSPITAL,** ) | **Chapter 11** |
| ) | |
| **Debtor.** ) | |

---

**ORDER FIXING A BAR DATE FOR FILING CERTAIN ADMINISTRATIVE EXPENSE
CLAIMS, APPROVING ADMINISTRATIVE EXPENSE PROOF OF CLAIM FORMS,
AND APPROVING THE FORM AND MANNER OF NOTICE OF THE
ADMINISTRATIVE EXPENSE CLAIMS BAR DATE**

Upon the motion (the "Motion")[1] of Thomas W. Waldrep, Jr., as Chapter 11 Trustee (the

"Trustee") for the above-captioned debtor (the "Debtor") seeking entry of an order, pursuant to

Bankruptcy Rules 2002 and 3003(c)(3), establishing the bar date for filing requests for the

allowance of certain administrative expense claims against the Debtor, approving the use of the

Administrative Expense Proof of Claim Forms, and approving the form and manner of notice

---

[1] Any and all terms not defined herein shall have the meaning ascribed to them in the Motion.

thereof; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtor's estate, the Debtor's creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; and the Court having reviewed the Motion and considered the arguments made at the hearing, if applicable; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT

1.      The Motion is GRANTED as set forth herein.

2.      **June 30, 2020 at 4:00 p.m.** (prevailing Eastern Time) (the "Administrative Expense Claims Bar Date") is hereby fixed as the deadline for filing Administrative Expense Claims (as defined below).

**Procedures for Filing Administrative Expense Proofs of Claims**

3.      The Administrative Expense Proof of Claim Forms substantially in the forms attached hereto as **Exhibit 1-A and Exhibit 1-B** and the Administrative Expense Claim Bar Date Notice substantially in the form attached hereto as **Exhibit 2** are hereby approved.

4.      Each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust or governmental unit) asserting a claim as defined in Section 101(5) of the Bankruptcy Code against the Debtor that constitutes an Administrative Expense Claim is required to file a separate and original administrative expense proof of claim on or before the Administrative Expense Claims Bar Date.

5.      For purposes of this Order, an "Administrative Expense Claim" is a Claim, as that term is defined in Section 101(5) of the Bankruptcy Code, against the Debtor or the Debtor's estate pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code that was incurred, accrued, or arose during either (a) the Post-petition Period, *i.e.*, from March 17, 2019 (the "Petition Date") through and including May 15, 2020 (the "Closing Date"), including, but not limited to, (i) the

actual, necessary costs and expenses, of preserving the Debtor's estate and operating the business of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case and (ii) claims or causes of action arising after the Petition Date, including alleged personal injuries, whether or not such claim is reduced to judgment, liquidated, unliquidated, fixed, contingent, insured or uninsured, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or (b) the period from and including 20 days before the Petition Date and entitled to an administrative expense priority under Section 503(b)(9) of the Bankruptcy Code (each an "<u>Administrative Expense Claim</u>" and collectively, "<u>Administrative Expense Claims</u>").  Notwithstanding the foregoing, this definition is for illustrative purposes only and without prejudice to the Debtor's or any other party in interest's right to assert that any claim or cause of action entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code was required to be filed by the Administrative Expense Claims Bar Date.

6.     With respect to claims against the Debtor pursuant to Section 503(b)(9) of the Bankruptcy Code (the "<u>Section 503(b)(9) Claims</u>"), claimants are required to submit a proof of claim in the form of the Section 503(b)(9) Claim form attached hereto as **Exhibit 1-A** that sets forth with specificity:

     a.     the amount of the claim;

     b.     the type(s) of goods received by debtor within twenty (20) days before the Petition Date;

     c.     the shipment date of goods;

     d.     the place of delivery of goods;

     e.     the method of delivery of goods;

     f.     the name of carrier of goods;

     g.     the alleged value of goods;

  h.  whether the value of goods listed in this claim relates to services and goods;

  i.  the percentage of value related to services and the percentage of value related to goods; and

  j.  whether claimant has filed any other claim against Debtor relating to goods underlying its Section 503(b)(9) claim.

7. All proofs of Section 503(b)(9) Claims must be accompanied by (i) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (ii) any demand to reclaim the goods under 11 U.S.C. § 546(c); and (iii) documents demonstrating the date the goods were actually received by the Debtor.  Finally, any claimant asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

8. Claimants asserting Administrative Expense Claims other than those for Section 503(b)(9) Claims are required to submit a general Administrative Expense Proof of Claim Form attached hereto as **Exhibit 1-B**.  Proofs of claim for Section 503(b)(9) Claims must be submitted separately and shall not be asserted on the same proof of claim as other Administrative Expense Claims.

9. All administrative expense proofs of claim will be deemed filed only if actually received on or before the Administrative Expense Claims Bar Date by the Office of the Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina (the "Clerk's Office") by the mailing of such form and documentation to Bankruptcy Clerk's Office, P.O. Box 791, Raleigh, NC 27602.  Copies of the Administrative Expense Proof of Claim Forms will be attached to the Notice the Administrative Expense Claims Bar Date; any party in interest seeking additional or replacement forms must email such request to the counsel for the Trustee at Jennifer

B. Lyday, jlyday@waldrepllp.com, James C. Lanik, jlanik@waldrepllp.com, or John R. Van Swearingen, jvanswearingen@waldrepllp.com.

10.    The Trustee shall not be required to accept Administrative Expense Proofs of Claim Forms sent by facsimile, telecom, or electronic mail transmission.  For any claim to be properly and validly filed, an original of the completed Administrative Expense Proofs of Claim Forms, signed by the claimant or an authorized agent of the claimant, accompanied by any supporting documentation required by Bankruptcy Rules 3001(c) and (d), must be delivered on or before the Administrative Expense Claims Bar Date to the Clerk's Office, and any Administrative Expense Proofs of Claim Form sent in any other manner shall not be deemed accepted and shall be deemed disallowed and expunged.  Administrative Expense Proofs of Claim Forms must be in the English language and denominated in lawful United States currency.  Any person or entity that files an Administrative Expense Proof of Claim Form and wishes to receive a file-stamped copy by return mail must include an additional copy of the proof of claim with a self-addressed envelope, postage pre-paid.

11.    The filing of an Administrative Expense Proof of Claim Form, substantially conforming to the forms attached hereto as **Exhibit 1-A** and **Exhibit 1-B**, as applicable, shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under Section 503(b)(1) through (9) of the Bankruptcy Code.

12.    Notwithstanding the foregoing, the following Administrative Expense Claims need not be filed prior to the Administrative Expense Claims Bar Date:

(a)    any Administrative Expense Claims of professionals retained pursuant to orders of this Court who may seek fees and expenses for their services pursuant to Sections 330 and 331 of the Bankruptcy Code, and fees payable to the United States Bankruptcy Administrator pursuant to 28 U.S.C. § 1930;

(b)     any entity that has already properly filed a motion requesting allowance of an administrative expense claim pursuant to Section 503(b) related to the Post-petition Period or on account of a claim arising under Section 503(b)(9) of the Bankruptcy Code;

(c)     any entity that has already filed a proof of claim asserting an administrative expense claim or a Section 503(b)(9) Claim;

(d)     a holder of an Administrative Expense Claim related to or incurred during the Post-Petition Period or a Section 503(b)(9) Claim that previously has been allowed by order of the Court;

(e)     any Administrative Expense Claims of members of the Committee for expenses pursuant to Section 503(b)(3)(F) of the Bankruptcy Code; and

(f)     a holder of an Administrative Expense Claim that has been paid in full by the Trustee or Haskell Regional Hospital, Inc. ("HRH") pursuant to the Bankruptcy Code or in accordance with an Order of the Court.

### **Effect of Failure to File an Administrative Expense Proof of Claim**

13.     Any entity that fails to file an Administrative Expense Proof of Claim Form on account of an Administrative Expense Claim on or before the Administrative Expense Claims Bar Date in accordance with the Administrative Expense Claims Bar Date Order shall be forever barred, estopped, and enjoined from asserting an Administrative Expense Claim against the Debtor, its estate, its successor, or its property (and from filing a proof of claim with respect thereto) and any holder of such Administrative Expense Claim (i) shall not be entitled to any payment on account of such alleged Administrative Expense Claim, (ii) shall not be permitted to participate in any distribution in this Chapter 11 Case or, in the event that this case is converted, in any case under Chapter 7, on account of such Administrative Expense Claim; and (iii) shall not be entitled to receive further notices regarding such Administrative Expense Claim.  Furthermore, all such Administrative Expense Claims shall be disallowed and expunged in their entirety.

### **Notice Procedures**

14.     Pursuant to Bankruptcy Rule 2002(a)(7), the Trustee shall serve copies of the Administrative Expense Claims Bar Date Notice and the Administrative Expense Proof of Claim

6

Forms by first class United States mail, postage prepaid, on or before three business days after the entry of the Administrative Expense Claims Bar Date Order on:

(A)    The Office of the United States Bankruptcy Administrator;

(B)    Counsel to the United States Department of Health and Human Services ("DHHS");

(C)    The Internal Revenue Service ("IRS") and counsel thereto;

(D)    The Oklahoma Tax Commission ("OTC");

(E)    All known holders of claims and their counsel (if known) listed on the Debtor's schedules (as amended, the "Schedules");

(F)    All parties known to the Debtor as having potential administrative expense claims against the Debtor's estate as of the Administrative Expense Claims Bar Date and their counsel (if known);

(G)    All counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein and counsel thereto (if known);

(H)    All parties to litigation with the Debtor (as of the date of the entry of the Administrative Expense Claims Bar Date Order) and their counsel (if known);

(I)    All parties who have requested notice pursuant to Bankruptcy Rule 2002;

(J)    All persons or entities that have previously filed proofs of claim in this case as of the date of the Administrative Expense Claims Bar Date Order;

(K)    All other taxing authorities for the jurisdictions in which the Debtor maintains or conducts business; and

(L)    To the extent not already included in the above, all parties set forth on the creditor matrix maintained on the Court's CM/ECF system as of the date of the entry of the Administrative Expense Claims Bar Date Order (the "Matrix").

15.    The Trustee will send the Administrative Expense Claims Bar Date Notice and Administrative Expense Proof of Claim Forms to (i) the address reflected in the applicable party's most recent request for notice pursuant to Bankruptcy Rule 2002 or, if no such request for notice has been filed, in the most recent proof of claim filed by the applicable party, in each case as of

the date which is ten days before the date of entry of the Administrative Expense Claims Bar Date Order, or (ii) if no such request for notice or proof of claim has been filed by such creditor, such creditor's address as reflected in the Matrix or, if different, in the Schedules or, if such creditor is not listed in either the Matrix or the Schedules, the last known address of such party as reflected in the Debtor's books and records.

16.     The Administrative Expense Claims Bar Date Notice, if served as required by this Order, shall constitute good, sufficient, and due notice to all creditors and other entities that may have Administrative Expense Claims of the Administrative Expense Claims Bar Date, and the need to file an Administrative Expense Proof of Claim Form by the Administrative Expense Claims Bar Date in order to preserve rights and obligations in connection with such Administrative Expense Claims.

17.     The Trustee and the Clerk's Office are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

18.     Nothing in this Order shall impair, prejudice, waive, or otherwise affect the rights of the Trustee, on behalf of the Debtor, and/or any party in interest to dispute, or assert offsets or other defenses to any Administrative Expense Claim, or to object to any Administrative Expense Proof of Claim Form on any basis, including as to amount, liability, or characterization.

19.     Entry of this Order is without prejudice to the rights of the Trustee to seek a further order of this Court fixing a date by which any holders of claims other than Administrative Expense Claims or holders of interests must file such proofs of claim or interest or be forever barred, estopped, and enjoined from (i) voting to accept or reject any plan filed in this Chapter 11 Case; and (ii) participating in or otherwise receiving any payment or distribution of property from the Debtor, its estate, or its successors or assigns with respect to such claims.

20.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

-- END OF DOCUMENT --

**EXHIBIT 1-A**

**PROPOSED SECTION 503(B)(9) PROOF OF CLAIM FORM**

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NORTH CAROLINA | | **503(b)(9)**<br>**ADMINISTRATIVE**<br>**EXPENSE CLAIM** |
|---|---|---|
| In re:<br>CAH ACQUISITION COMPANY 16, LLC d/b/a<br>HASKELL COUNTY COMMUNITY<br>HOSPITAL,<br>Debtor. | Chapter 11<br><br>Case No. 19-01227 | **ADMINISTRATIVE**<br>**BAR DATE:**<br>**JUNE 30, 2020, 4:00 P.M.**<br>**(PREVAILING EASTERN**<br>**TIME)** |

| NOTE:  This form should be used <u>only by claimants asserting an administrative</u> <u>expense claim arising under 11 U.S.C. § 503(b)(9)</u>.  This form should not be used for any other types of claim. |
|---|

| Name of creditor:<br>(The person or other entity to whom the debtor owed money or property.) | Name of debtor:<br>(The entity owing money or property)<br>☐  CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital | |
|---|---|---|
| Name and addresses where notices should be sent:<br><br><br><br><br><br><br><br><br>Telephone number:<br><br>Email: | ☐  Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐  Check box if you have never received any notices from the bankruptcy court in this case.<br>☐  Check box if your address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor: | ☐   Check this box if this claim amends a previously filed claim.<br>Claim number (if known): _____.<br>Filed on: _____. |
|---|---|

| 1.  **Basis for claim:**<br>☐   Goods sold<br>☐   Services performed<br>☐   Other (describe briefly) | 2. **Date debt was incurred:** |
|---|---|

| 3.  **Date goods were received by debtor:** |
|---|

| 4.  **Total amount of claim as of the date the debt was incurred:** _____.<br><br>☐   Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges. |
|---|

3581123 v1

5. **Brief description of claim (attach any additional information):**

Type(s) of goods received by debtor within twenty (20) days before the March 17, 2019 petition date:

Shipment date of goods:

Place of delivery of goods:

Method of delivery of goods:

Name of carrier of goods:

Value of goods:

Whether the value of goods listed in this claim relates to services and goods:

The percentage of value related to services and the percentage of value related to goods:

Whether claimant has filed any other claim against debtor relating to goods underlying this claim:

Attach supporting materials required by field 8 and instructions below.

| | |
|---|---|
| 6. **Credits, setoffs, and counterclaims:**<br>All payments made on this claim by the debtor have been credited and deducted from the amount claimed hereon.<br>☐   This claim is subject to setoff or counterclaim as follows: | 7. **Assignment:**<br>☐   Check this box if claimant has obtained this claim by assignment and attached a copy of assignment. |

8. **Supporting documents:** Attach **redacted** copies of supporting documents, such as promissory notes, purchaser orders, invoices, itemized statements of running accounts, or contracts.

All proofs of claim for 503(b)(9) claims must be accompanied by copies of: (i) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (ii) any demand to reclaim the goods under 11 U.S.C. § 546(c); and (iii) documents demonstrating the date the goods were actually received by the debtor.

Any claimant asserting a 503(b)(9) claim must certify that the goods were sold in the ordinary course of the debtor's business.

Do not send original documents.  Attached documents may be destroyed after scanning.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

9. **Date-stamped copy:** To receive an acknowledgement of the filing of your claim, submit a copy of your proof of claim in a self-addressed, stamped return envelope along with your original claim.

10. **Signature:**

Check the appropriate box.

☐  I am the creditor.

☐  I am the creditor's authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent (see Bankruptcy Rule 3004).

☐  I am a guarantor, surety, indorser, or other codebtor (see Bankruptcy Rule 3005).

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print name: _____

Title: _____

Company: _____    _____

Address and telephone number (if different from notice address above):

(Signature)                          (Date)

_____

_____

_____

Telephone number: _____ Email: _____

*Penalty for presenting a fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Definitions.**

**503(b)(9) Claim.**

A 503(b)(9) claim is a claim entitled to treatment in accordance with 11 U.S.C. § 503(b)(9).  Specifically, 503(b)(9) claims are those claims for the "value of any goods received by the debtor, within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

**Administrative Bar Date.**

By order of the United States Bankruptcy Court for the Eastern District of North Carolina, all claimants asserting administrative expense claims asserting priority pursuant to 11 U.S.C. §§ 503 and 507(a)(2) must be received by the Office of the Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina at the address set forth below by JUNE 30, 2020 AT 4:00 P.M. (PREVAILING EASTERN TIME).

**Administrative Expense Claim.**

An administrative expense claim is any claim asserting priority pursuant to 11 U.S.C. §§ 503 and 507(a)(2), including but not limited to (i) claims for goods and services provided to the debtors on or after the March 17, 2019 petition date otherwise unpaid and (ii) claims for the value of goods received by the debtors within 20 days before the petition date and meeting the other requirements of 11 U.S.C. § 503(b)(9) and which claim is otherwise unpaid.

**Claim.**

A claim is the creditor's right to receive payment for a debt owed by the debtor as defined in 11 U.S.C. § 101(5).

**Creditor.**

A creditor is a person, corporation, or other entity to whom the debtor owes a debt.

**Debtor.**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Proof of Claim.**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor. The creditor must file the form with the Clerk's Office for this case as provided below.

**Redacted.**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of healthcare goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential healthcare information.

## General instructions and filing instructions.

1. Please read this proof of claim form carefully and fill it in completely and accurately.

2. Print legibly. Your claim may be disallowed if it cannot be read or understood.

3. The proof of claim form must be completed in English. The amount of the claim must be denominated in United States currency.

4. Attach additional pages if more space is required to complete the proof of claim.

5. This form should only be used by claimants asserting administrative expense claims arising under 11 U.S.C. § 503(b)(9). All other administrative expense claims must be asserted on a separate form.

6. All proofs of claim for 503(b)(9) claims must set forth with specificity: (i) the amount of the claim; (ii) the type(s) of goods claimant asserts were received by the debtor within twenty (20) days before the March 17, 2019 petition date; (iii) the shipment date of the goods; (iv) the date on which the claimant asserts the relevant debtor received the goods; (v) the place of delivery of the goods; (vi) the method of delivery of the goods; (vii) the name of the carrier of the goods; (viii) the alleged value of the goods; (ix) whether the value of the goods listed in the proof of claim represents a combination of services and goods; (x) the percentage of value related to services and the percentage of value related to goods; and (xi) whether the claimant has filed any other claim against the debtor regard the goods underlying this claim.

In addition, all proofs of claim for 503(b)(9) claims must be accompanied by copies of (x) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (y) any demand to reclaim the goods under 11 U.S.C. § 546(c); and (z) documents demonstrating the date the goods were actually received by the debtor.

Any claimant asserting a 503(b)(9) claim must certify that the goods were sold in the ordinary course of the debtor's business.

7. To be deemed properly filed, this proof of claim must contain an original signature and must be filed so as to be actually received on or before the JUNE 30, 2020 AT 4:00 P.M. (PREVAILING EASTERN TIME) administrative bar date via United States mail delivery at the following address:

Office of the Clerk of the United States Bankruptcy Court
for the Eastern District of North Carolina
P.O. Box 791
Raleigh, NC 27602

## Items to be completed in proof of claim form.

**Creditor's name and address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Debtor's name:**
Check the box next to the debtor from whom the debt is owed.

**Account or other number by which creditor identifies debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

1. **Basis for claim:**
State the type of debt or how it was incurred. Examples include goods sold and services performed. If the claim is based on delivering healthcare goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential healthcare information. You may be required to provide additional disclosure if an interested party objects to the claim.

2. **Date debt was incurred:**
State the date or dates on which the debt was incurred.

3. **Date goods received by debtor:**
State the date or dates on which the goods underlying the claim were received by the debtor.

4. **Total amount of claim as of the date the debt was incurred:**
State the total amount owed to the creditor on the date or dates on which the debt was incurred. Check the box if interest or other charges are included in the claim.

5. **Brief description of claim (attach any additional information):**
Briefly describe the nature of the claim and attach any additional relevant information. Claimants must provide all requested information, including (i) the amount of the claim; (ii) the type(s) of goods claimant asserts were received by the debtor within twenty (20) days before the March 17, 2019 petition date; (iii) the shipment date of the goods; (iv) the date on which the claimant asserts the relevant debtor received the goods; (v) the place of delivery of the goods; (vi) the method of delivery of the goods; (vii) the name of the carrier of the goods; (viii) the alleged value of the goods; (ix) whether the value of the goods listed in the proof of claim represents a combination of services and goods; (x) the percentage of value related to services and the percentage of value related to goods; and (xi) whether the claimant has filed any other claim against the debtor regard the goods underlying this claim.

6. **Credits, setoffs, and counterclaims:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. If claim is subject to setoff or counterclaim, check box and provide an explanation.

7. **Assignment:**
Check box and include copy of assignment if claimant obtained claim by way of assignment.

8. **Supporting documents:**
Attach redacted copies of any documents that show the debt exists. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If claim is based on delivering healthcare goods or services, limit disclosing confidential healthcare information. Do not send original documents, as attachments may be destroyed after scanning. If the documents are not available, provide explanation. If the documents are voluminous, attach a summary.

Claimants must provide all requested supporting documentation, including: copies of (x) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (y) any demand to reclaim the goods under 11 U.S.C. § 546(c); and (z) documents demonstrating the date the goods were actually received by the debtor.

Claimants must certify that the goods were sold in the ordinary course of the debtor's business.

9. **Date-stamped copy:**
If the claimant wishes to receive an acknowledgement of the filing of the claim, submit a copy of the proof of claim in a self-addressed, stamped return envelope along with the original claim

10. **Date and signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). If your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for the purposes of receiving notices.  If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent.  If the authorized agent is a servicer, identify the corporate servicer as the company.  Criminal penalties apply for making a false statement on a proof of claim.

**EXHIBIT 1-B**

**PROPOSED GENERAL ADMINISTRATIVE PRIORITY PROOF OF CLAIM FORM**

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NORTH CAROLINA | | ADMINISTRATIVE<br>PROOF OF CLAIM |
|---|---|---|

| In re:<br>CAH ACQUISITION COMPANY 16, LLC d/b/a HASKELL COUNTY COMMUNITY HOSPITAL,<br>Debtor. | Chapter 11<br><br>Case No. 19-01227 | ADMINISTRATIVE<br>BAR DATE:<br>JUNE 30, 4:00 P.M.<br>(PREVAILING EASTERN TIME) |
|---|---|---|

NOTE:  This form should be used only by claimants asserting an administrative expense claim asserting priority pursuant to 11 U.S.C. §§ 503 and 507(a)(2) <u>other than claims arising under 11 U.S.C. § 503(b)(9), which must be asserted on a separate form.</u>  This form should not be used for any other types of claim.

| Name of creditor:<br>(The person or other entity to whom the debtor owed money or property.) | Name of debtor:<br>(The entity owing money or property)<br>☐ CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital |
|---|---|
| Name and addresses where notices should be sent:<br><br><br><br><br><br><br><br>Telephone number:<br><br>Email: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if your address differs from the address on the envelope sent to you by the court.<br><br><br>THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor: | ☐ Check this box if this claim amends a previously filed claim.<br>Claim number (if known): _____.<br>Filed on: _____. |
|---|---|

**1. Basis for claim:**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries and compensation (fill out below)

Provide last four digits of your social security number _____.

Unpaid compensation for services performed from _____ (date) to _____ (date).

**2. Date debt was incurred:**          **3. If court judgment, date obtained:**

**4. Total amount of claim as of the date the debt was incurred:** _____.

☐ Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges.

**5. Brief description of claim (attach any additional information):**

| 6. **Credits, setoffs, and counterclaims:** | 7. **Assignment:** |
|---|---|
| All payments made on this claim by the debtor have been credited and deducted from the amount claimed hereon.<br><br>☐  This claim is subject to setoff or counterclaim as follows: | ☐  Check this box if claimant has obtained this claim by assignment and attached a copy of assignment. |

8.  **Supporting documents:** <u>Attach **redacted** copies of supporting documents</u>, such as promissory notes, purchaser orders, invoices, itemized statements of running accounts, contracts, or judgments.

<u>Do not send original documents</u>.  <u>Attached documents may be destroyed after scanning</u>.  If the documents are not available, explain.  If the documents are voluminous, attach a summary.

9.  **Date-stamped copy:** To receive an acknowledgement of the filing of your claim, submit a copy of your proof of claim in a self-addressed, stamped return envelope along with your original claim.

10.  **Signature:**

Check the appropriate box.

☐  I am the creditor.

☐  I am the creditor's authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent (see Bankruptcy Rule 3004).

☐  I am a guarantor, surety, indorser, or other codebtor (see Bankruptcy Rule 3005).

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print name: _____

Title: _____

Company: _____  _____

Address and telephone number (if different from notice    (Signature)                                    (Date)
address above):

_____

_____

_____

Telephone number: _____  Email: _____

*Penalty for presenting a fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Definitions.**

**503(b)(9) Claim.**
A 503(b)(9) claim is a claim entitled to treatment in accordance with 11 U.S.C. § 503(b)(9).  Specifically, 503(b)(9) claims are those claims for the "value of any goods received by the debtor, within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

**Administrative Bar Date.**
By order of the United States Bankruptcy Court for the Eastern District of North Carolina, all claimants asserting administrative expense claims asserting priority pursuant to 11 U.S.C. §§ 503 and 507(a)(2) must be received by the Office of the Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina at the address

set forth below by **JUNE 30, 2020 AT 4:00 P.M. (PREVAILING EASTERN TIME)**.

**Administrative Expense Claim.**
An administrative expense claim is any claim asserting priority pursuant to 11 U.S.C. §§ 503 and 507(a)(2), including but not limited to (i) claims for goods and services provided to the debtors on or after the March 17, 2019 petition date otherwise unpaid and (ii) claims for the value of goods received by the debtors within 20 days before the petition date and meeting the other requirements of 11 U.S.C. § 503(b)(9) and which claim is otherwise unpaid.

**Claim.**
A claim is the creditor's right to receive payment for a debt owed by the debtor as defined in 11 U.S.C. § 101(5).

**Creditor.**
A creditor is a person, corporation, or other entity to whom the debtor owes a debt.

**Debtor.**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Proof of Claim.**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor.  The creditor must file the form with the Clerk's Office for this case as provided below.

**Redacted.**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information.  A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth.  If the claim is based on the delivery of healthcare goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential healthcare information.

**General instructions and filing instructions.**

1. Please read this proof of claim form carefully and fill it in completely and accurately.

2. Print legibly.  Your claim may be disallowed if it cannot be read or understood.

3. The proof of claim form must be completed in English.  The amount of the claim must be denominated in United States currency.

4. Attach additional pages if more space is required to complete the proof of claim.

5. This form should only be used by claimants asserting administrative expense claims that are not 503(b)(9) claims.  503(b)(9) claims must be asserted on a separate form.

6. To be deemed properly filed, this proof of claim must contain an original signature and must be filed so as to be actually received on or before the **JUNE 30, 2020 AT 4:00 P.M. (PREVAILING EASTERN TIME)** administrative bar date via United States mail at the following address:

Office of the Clerk of the United States Bankruptcy Court
for the Eastern District of North Carolina
P.O. Box 791
Raleigh, NC 27602

**Items to be completed in proof of claim form.**

**Creditor's name and address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Account or other number by which creditor identifies debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

1. **Basis for claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, and personal injury/wrongful death.  If the claim is based on delivering healthcare goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential healthcare information.  You may be required to provide additional disclosure if an interested party objects to the claim.

2. **Date debt was incurred:**
State the date or dates on which the debt was incurred.

3. **If court judgment, date obtained:**
State the date on which any court judgment on which the claim is based was obtained.

4. **Total amount of claim as of the date the debt was incurred:**
State the total amount owed to the creditor on the date or dates on which the debt was incurred.  Check the box if interest or other charges are included in the claim.

5. **Brief description of claim (attach any additional information):**
Briefly describe the nature of the claim and attach any additional relevant information.

6. **Credits, setoffs, and counterclaims:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.  If claim is subject to setoff or counterclaim, check box and provide an explanation.

7. **Assignment:**
Check box and include copy of assignment if claimant obtained claim by way of assignment.

8. **Supporting documents:**
Attach redacted copies of any documents that show the debt exists.  You may also attach a summary in addition to the documents themselves.  FRBP 3001(c) and (d).  If claim is based on delivering healthcare goods or services, limit disclosing confidential healthcare information.  Do not send original documents, as attachments may be destroyed after scanning.  If the documents are not available, provide explanation.  If the documents are voluminous, attach a summary.

9. **Date-stamped copy:**
If the claimant wishes to receive an acknowledgement of the filing of the claim, submit a copy of the proof of claim in a self-addressed, stamped return envelope along with the original claim

10. **Date and signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b).  If your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for the purposes of receiving notices.  If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent.  If the authorized agent is a servicer, identify the corporate servicer as the company.  Criminal penalties apply for making a false statement on a proof of claim.

**EXHIBIT 2**

**PROPOSED FORM OF ADMINISTRATIVE EXPENSE CLAIMS BAR DATE NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 19-01227-5-JNC** |
| **CAH ACQUISITION COMPANY 16,** | ) | |
| **LLC d/b/a HASKELL COUNTY** | ) | |
| **COMMUNITY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**NOTICE OF DEADLINES FOR FILING CERTAIN**
**ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTOR**

On March 17, 2019 (the "Petition Date"), CAH Acquisition Company 16, LLC d/b/a Haskell County Community Hospital (the "Debtor") filed an voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). On March 18, 2019, the United States Bankruptcy Court for the Eastern District of North Carolina (the "Court") entered an appointing Thomas W. Waldrep, Jr. as Chapter 11 Trustee (the "Trustee") for the Debtor.

**PLEASE TAKE NOTICE THAT** on _____, 2020, the Court entered an order (the "Administrative Expense Claims Bar Date Order") in the Debtor's Chapter 11 Case establishing **June 30, 2020, at 4:00 p.m. (prevailing Eastern Time)** as the deadline for filing Administrative Expense Claims (defined below) against the Debtor.

For purposes of this notice, an Administrative Expense Claim is a Claim[1] against the Debtor or the Debtor's estate pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code

---

[1] For purposes of this notice, a "claim" has the meaning set forth in 11 U.S.C. § 101(5), namely: (a) the right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to receive payment, whether or not such right to an

that was incurred, accrued, or arose during either (a) the Post-petition Period, *i.e.*, from March 17, 2020 (the "Petition Date") through and including May 15, 2020 (the "Closing Date"), including, but not limited to, (i) the actual, necessary costs and expenses, of preserving the Debtor's estate and operating the business of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case and (ii) claims or causes of action arising after the Petition Date, including alleged personal injuries, whether or not such claim is reduced to judgment, liquidated, unliquidated, fixed, contingent, insured or uninsured, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, or (b) the period from and including 20 days before the Petition Date and entitled to an administrative expense priority under Section 503(b)(9) of the Bankruptcy Code (each an "Administrative Expense Claim" and collectively, "Administrative Expense Claims").  This definition is for illustrative purposes only and without prejudice to the Debtor's or any other party in interest's right to assert that any claim or cause of action entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code was required to be filed by the Administrative Expense Claims Bar Date.

With respect to claims against the Debtor pursuant to Section 503(b)(9) of the Bankruptcy Code (the "Section 503(b)(9) Claims"), claimants are required to submit a proof of claim in the form of the Section 503(b)(9) Claim form attached to the Administrative Expense Claims Bar Date Order as **Exhibit 1-A** that sets forth with specificity:

    a.    the amount of the claim;

    b.    the type(s) of goods received by debtor within twenty (20) days before the Petition Date;

---

equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, secured, or unsecured. Claims include potential and unmatured tort and contract claims.

c.      the shipment date of goods;

d.      the place of delivery of goods;

e.      the method of delivery of goods;

f.      the name of carrier of goods;

g.      the alleged value of goods;

h.      whether the value of goods listed in this claim relates to services and goods;

i.      the percentage of value related to services and the percentage of value related to goods; and

j.      whether claimant has filed any other claim against Debtor relating to goods underlying its Section 503(b)(9) claim.

All proofs of Section 503(b)(9) Claims must be accompanied by (i) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (ii) any demand to reclaim the goods under Section 546(c); and (iii) documents demonstrating the date the goods were actually received by the Debtor.  Finally, any claimant asserting a Section 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

Claimants asserting Administrative Expense Claims other than those for Section 503(b)(9) Claims are required to submit a general administrative expense proof of claim form attached to the Administrative Expense Claim Bar Date Order as **Exhibit 1-B**.  Any documents supporting or evidencing an Administrative Expense Claim should be attached to the proof of claim.  Failure to attach such supporting documents may form the basis of an objection or disallowance of such Administrative Expense Claim.  Proofs of claim for Section 503(b)(9) Claims must be submitted separately and shall not be asserted on the same proof of claim as other Administrative Expense Claims.

Notwithstanding the foregoing, the following Administrative Expense Claims need <u>not</u> be filed prior to the Administrative Expense Claims Bar Date:

(b)      any Administrative Expense Claims of professionals retained pursuant to orders of this Court who may seek fees and expenses for their services pursuant to Sections 330 and 331 of the Bankruptcy Code, and fees payable to the United States Bankruptcy Administrator pursuant to 28 U.S.C. § 1930;

(c)      any entity that has already properly filed a motion requesting allowance of an administrative expense claim pursuant to Section 503(b) related to the Post-petition Period or on account of a claim arising under Section 503(b)(9) of the Bankruptcy Code;

(d)      any entity that has already filed a proof of claim asserting an administrative expense claim or Section 503(b)(9) Claim;

(e)      a holder of an Administrative Expense Claim related to or incurred during the Post-petition Period or a Section 503(b)(9) Claim that previously has been allowed by order of the Court;

(f)      any Administrative Expense Claims of members of the Committee for expenses pursuant to Section 503(b)(3)(F) of the Bankruptcy Code; and

(g)      a holder of an Administrative Expense Claim that has been paid in full by the Trustee or Haskell Regional Hospital, Inc. ("HRH") pursuant to the Bankruptcy Code or in accordance with an Order of the Court.

**You should not file an Administrative Expense Claim if you do not hold an Administrative Expense Claim. The fact that you received this notice does not necessarily mean that you hold an Administrative Expense Claim or that either the Trustee or the Court believes that you hold an Administrative Expense Claim.**

Pursuant to the terms of the Administrative Expense Claims Bar Date Order, and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust or governmental unit) that holds or asserts an Administrative Expense Claim must file an Administrative Expense Proof of Claim Form with original signature, substantially conforming to the Administrative Expense Proof of Claim Forms, as applicable, attached to the Administrative Expense Claims Bar Date Order so that such Administrative Expense Proof of Claim Form is actually received by the Office of the Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina

4

(the "Clerk's Office"), on or before 4:00 p.m. (prevailing Eastern Time) on the Administrative Expense Claims Bar Date, as set forth below.  Administrative Expense Proof of Claim Forms may be sent by first class mail, priority mail, or overnight mail, and must be sent/delivered to the following address:

> Bankruptcy Clerk's Office
> P.O. Box 791
> Raleigh, NC 27602

Any party in interest seeking additional or replacement forms must email such request to the counsel for the Trustee at Jennifer B. Lyday, jlyday@waldrepllp.com, James C. Lanik, jlanik@waldrepllp.com, or John R. Van Swearingen, jvanswearingen@waldrepllp.com.  Any person or entity that wishes to receive a time-stamped copy by return mail must include an additional copy of the Administrative Expense Proof of claim Form and a self-addressed, postage-paid envelope.

Administrative Expense Claims will be deemed timely filed only if actually received by the Clerk's Office on or before 4:00 p.m. (prevailing Eastern Time) on the Administrative Expense Claims Bar Date.  The Clerk's Office is not authorized to accept any Administrative Expense Proof of Claim Forms sent by facsimile, telecopy, or e-mail, and such claims will not be deemed to be properly filed claims.

Any entity that fails to file an Administrative Expense Proof of Claim Form on account of an Administrative Expense Claim on or before the Administrative Expense Claims Bar Date in accordance with the Administrative Expense Claims Bar Date Order shall be forever barred, estopped, and enjoined from asserting an Administrative Expense Claim against the Debtor, its estate, its successor, or its property (and from filing a proof of claim with respect thereto) and any holder of such Administrative Expense Claim (i) shall not be entitled to any payment on account

of such alleged Administrative Expense Claim, (ii) shall not be permitted to participate in any distribution in this Chapter 11 Case or, in the event that this case is converted, in any case under Chapter 7, on account of such Administrative Expense Claim; and (iii) shall not be entitled to receive further notices regarding such Administrative Expense Claim.  Furthermore, all such Administrative Expense Claims shall be disallowed and expunged in their entirety.

Copies of the Administrative Expense Claims Bar Date Order are available for inspection during regular business hours at the Office of the Clerk, United States Bankruptcy Court for the Eastern District of North Carolina, 300 Fayetteville Street, Raleigh, NC 27601.  In addition, copies of the Administrative Expense Claims Bar Date Order may be viewed and downloaded for a fee at the Bankruptcy Court's website (http://www.nceb.uscourts.gov) by following the directions for accessing the ECF system on such website.

The Trustee and/or any party in interest reserves the right to dispute or assert offsets or defenses against any filed Administrative Expense Claim on any grounds.

**RECIPIENTS OF THIS NOTICE SHOULD CONSULT AN ATTORNEY IF SUCH RECIPIENT HAS ANY QUESTIONS REGARDING ANY CLAIM IT MAY HAVE AGAINST THE DEBTOR, INCLUDING WHETHER SUCH RECIPIENT SHOULD FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM FORM TO PROTECT ITS INTERESTS.**

Dated: _____, 2020.

**WALDREP LLP**

/s/ *Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210

Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

**- and –**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com

*Attorneys for the Trustee*