**SO ORDERED.**

**SIGNED this 19 day of June, 2020.**

_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:                                                                                  Case No. 19-01227-5-JNC

CAH ACQUISITION COMPANY #16, LLC,                        CHAPTER 11
    d/b/a Haskell County Community Hospital,

        Debtor.

**CONSENT ORDER ON TRUSTEE'S OMNIBUS MOTION FOR AUTHORITY TO REJECT PRE-PETITION EXECUTORY CONTRACTS OR UNEXPIRED LEASES**

THIS MATTER comes before the Court upon the Trustee's Omnibus Motion for Authority to Reject Pre-Petition Executory Contracts or Unexpired Leases [Dkt. 519] (the "Motion to Reject") seeking entry of an order pursuant to Sections 365 and 1107 of Title 11 of the Bankruptcy Code and Bankruptcy Rule 6006 authorizing the rejection of the Executory Contracts identified in the Motion. With the parties having indicated their consent by signing below, the Court finds as follows:

1.     The Debtor filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code in the Eastern District of North Carolina on March 17, 2019 (the "Petition Date").

2.     The Court appointed the Trustee by order dated March 18, 2019 [Dkt. 4].

3.     On November 6, 2019, the Trustee filed a motion seeking entry of an Order from

1

the Court approving the sale of substantially all of the Debtor's assets at a public auction, subject to bidding procedures provided for in the motion [Dkt. 322]. On December 6, 2019, the Trustee filed the Notice of Executory Contracts and Unexpired Leases Subject to Possible Assumption and Assignment and Proposed Cure Amounts (the "First Executory Contract Notice") [Dkt. 361], which was sent to the executory contract counterparties that were known at the time, excepting any counterparties to contracts or leases for which the Trustee has already sought and received authority to reject.

4. On December 19, 2020, the Trustee held the auction of the Debtor's assets in Charlotte, North Carolina. The auction yielded only one bid of $50,000 for the Debtor's assets. On January 16, 2020, the Court held a hearing to approve the sale of the Debtor's assets, at which the Trustee did not seek approval of the sale due to the low value. At the hearing, Haskell Regional Hospital ("HRH") presented a bid of $200,000.00 in open court, with the bankruptcy estate retaining the Debtor's accounts receivable. The Trustee subsequently sought approval of the sale of the Debtor's assets to HRH.

5. In its Order approving the Sale to HRH [Dkt. 430], the Court noted that the First Executory Contract Notice was premature, because HRH had not yet reviewed nor confirmed its intent to assume or reject any of the executory contracts. The sale of the Debtor's assets to HRH closed on March 26, 2020 (the "Closing Date"). Pursuant to the APA attached to the Sale Order, HRH did not intend to assume any executory contracts. Therefore, the Trustee filed its Motion to Reject [Dkt. 519] on May 8, 2020 and included a list of executory contracts that the Trustee asserts should be deemed rejected as of the Closing Date of the sale to HRH.

6. The Trustee filed the Motion to Reject seeking to reject all the known executory contracts and leases.

7. The Motion to Reject specifically itemized the following equipment leases (the "Equipment Leases"):

| Counterparty | Subject Matter/Equipment | Proof of Claim ("POC") Number or Schedules Reference |
|---|---|---|
| Airgas USA, LLC | Lease of Gas Cylinders | POC 7 |
| Beckman Coulter, Inc. | Chemistry and Immunoassay IDN Master Agreement | Schedule E/F, 3.13 |
| Canon Financial Services, Inc. | Lease of Copiers | POC 70 |
| Farnam Street Financial Inc. | Lease of Cisco, HP, Quietside, NetApp, and Dell Equipment | N/A |
| The City of Stigler Hospital Authority | Lease of Hospital Building and Real Property | N/A |

8. HRH filed a limited objection to the Trustee's Motion to Reject on May 20, 2020 [Dkt. 543], in which HRH did not object to the rejection of the executory contracts and leases, but rather wished to preserve its claim that the Equipment Leases are not true leases and that HRH had purchased the equipment purportedly subject to the leases when it purchased the assets of the Debtor.

9. No other objections were filed to the Trustee's Motion to Reject.

10. The Trustee and HRH have agreed that:

   a. The leases and executory contracts set forth in the Trustee's Omnibus should be rejected as of the Closing Date;

   b. The automatic stay will be deemed to have been lifted as to the equipment purportedly subject to the Equipment Leases as of the Closing Date;

   c. Nothing in this Order shall prejudice the claim of HRH that the Equipment Leases are not true leases; and,

   d. HRH shall retain the right to pursue its claim that the Equipment Leases are not true leases against the purported lessors of each respective lease.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, by and with the consent of the parties as indicated below, that:

1. The leases and executory contracts set forth in the Trustee's Motion to Reject are rejected as of the Closing Date;

2. The automatic stay is lifted as to the equipment purportedly subject to the Equipment Leases as of the Closing Date;

3. Nothing in this Order shall prejudice the claim of HRH, as purchaser of the Debtor's assets, that the Equipment Leases are not true leases;

4. HRH shall retain the right to pursue its claim that the Equipment Leases are not true leases against the purported lessor of each respective lease.

5. Any Executory Contract counterparty listed in the Motion to Reject shall have thirty (30) days from the date of the service of this Order to file a claim for rejection damages;

6. Any claim for rejection damages that is not filed in accordance with this Order shall be forever barred; and,

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**WE CONSENT:**

| JANVIER LAW FIRM, PLLC | WALDREP LLP |
|---|---|
| /s/ *Kathleen O'Malley* | /s/ *Jennifer B. Lyday* |
| Kathleen O'Malley | Thomas W. Waldrep, Jr. (NC State Bar No. 11135) |
| N.C. State Bar No. 51654 | James C. Lanik (NC State Bar No. 30454) |
| 311 E. Edenton Street | Jennifer B. Lyday (NC Bar No. 39871) |
| Raleigh, NC 27601 | Francisco T. Morales (NC Bar No. 43079) |
| Telephone: (919) 582-2323 | 101 S. Stratford Road, Suite 210 |
| Facsimile: (866) 809-2379 | Winston-Salem, NC 27104 |
| Email: kathleen@janvierlaw.com | Telephone: 336-717-1440 |
|  | Telefax: 336-717-1340 |
|  | Email: notice@waldrepllp.com |

**END OF DOCUMENT**